No. 1,998.

H. D. COGSWELL, APPELLANT, *v.* ALPHEUS BULL *et al.*, RESPONDENTS.

CORPORATION.—ACTION AGAINST TRUSTEES.—The general rule is, that an action against trustees of a corporation, for a misappropriation of its funds, must be brought in the name of the corporation.

IDEM.—WHEN STOCKHOLDERS MAY SUE.—When the corporation, on a proper demand from a stockholder, refuses to institute action, the stockholders may sue in their own names.

IDEM.—PLEADING.—In an action by a stockholder in such cases, it is necessary to aver a demand and refusal, without which the action will not be sustained.

IDEM.—PLEADING.—In an action against the trustees of a corporation, an averment in the complaint that the Board is composed "nearly, if not entirely," of the same persons who committed the wrong complained of, presents no issuable fact, and is, therefore, bad pleading.

IDEM.—DEMAND AND REFUSAL.—That a demand and refusal are necessary when the trustees who committed the wrong yet compose the whole or a majority of the Board, not decided

APPEAL from the District Court of the Fourth District, City and County of San Francisco.

This is an action brought by the plaintiff, Cogswell, against Alpheus Bull and others, who, at the time of the alleged illegal misappropriation of the funds of the corporation, constituted the Board of Directors of the North Beach and Mission Railroad Company, and the North Beach and Mission Railroad Company to compel defendants to account for and refund certain moneys belonging to said corporation, which they, while acting as Directors thereof, it is claimed, misappropriated and illegally used.

To the complaint filed in the case, the defendants demurred, upon the ground, among others, that the complaint did not state facts sufficient to constitute a cause of action; which demurrer was sustained by the Court on the following grounds:

(T.)

*First*—That the action should have been instituted in the name of the North Beach and Mission Railroad Company.

*Second*—That the plaintiff, as a stockholder, had no cause of action against the defendants, until after a demand upon and refusal by the Directors of said corporation to institute the action.

*Third*—That, as it appears from the complaint that no such demand was ever made, the demurrer must be sustained without leave to the plaintiff to amend. From which rulings the plaintiff appealed.

*Barstow & Tompkins,* for Appellant.

This action is based upon the principles announced in the case of *Robinson* v. *Smith* (3 Paige, Ch. Rep. 223.) It is there decided, that directors of a corporation are directly accountable and responsible for the proper use of the corporation funds entrusted to their charge ; that, if they misuse, or negligently allow to be wasted, or fraudulently convert to their own use, or in any way illegally use the funds entrusted to their care, equity will compel them to refund the money so misappropriated ; that any action to compel the directors to account for money of the corporation misused by them, should be brought in the name of the corporation ; but that if the corporation refuses to institute such action, or if the corporation is still under the control of the men who misappropriated its funds, then the action can be brought by the stockholders themselves ; or, if the stockholders are so numerous as to make it inconvenient for them all to unite in one action, then it may be brought by any stockholder for the benefit of all who are similarly situated.

It appears from the complaint that the corporation in question was, at the commencement of this action, controlled by the same men who are charged with misusing its funds, and against whom this action is brought, which is alleged as a reason why no demand was made upon them to institute an action against themselves in the name of the corporation.

It would have been an idle form to petition them to bring an action against themselves, especially when the ground of

the action is their own fraudulent conduct. If they should, upon such demand, as a matter of form, institute such an action, who can believe that men, capable of the illegal acts charged in the complaint, would ever allow judgment to be recovered against themselves? They could have the action discontinued at any time, if brought, and a judgment entered in favor of themselves, which would forever bar the rights of the defrauded stockholders. So far as we are advised, the case of *Robinson* v. *Smith*, above referred to, is the best authority extant upon the points therein decided. It is approved, and the principles therein announced laid down as the law upon the subject in Angell and Ames on Corporations (Sec. 312); and, so far as we know, it has never been reversed or disapproved.

*J. G. McCullough*, for Respondents.

This action cannot be sustained by a stockholder against the officers of the corporation. The stockholder is not directly injured. He has no property in, or title to, any of the assets of the company. In his individual capacity, he is not an owner of any of its property either as tenant in common, joint tenant, copartner or otherwise. The whole title is in the corporation. He has neither legal nor equitable title. The interest of a stockholder in the property of a corporation is derivative, contingent, subordinate and indirect. (*Gashwiler* v. *Willis*, 33 Cal. 19; *Smith* v. *Hurd*, 12 Metcalf, 384–5.)

The whole management of the affairs and concerns of corporations is carefully regulated and limited by statute. And especially is this true of *quasi* public corporations as is the N. B. & M. R. R. Company. (*Miner's Ditch Co.* v. *Zellerbach*, 38 Cal. 300.)

The powers of directors, their duties, the remedies for a breach, the manner of their election, the manner of voting, the rights of officers and stockholders, etc., are fully prescribed, and every stockholder knows this when he subscribes or buys his shares. (*Pixley* v. *W. P. R. R.* 33 Cal. 180; *Gashwiler* v. *Willis*, 33 Cal. 19; Stats. 1861, p. 607,

Secs. 11, 56, 4 to 10, 17, Sub. 13 and 44; Stats. 1863, p. 610; Stats. 1865–6, p. 310.)

To the statutes must the shareholders look for any redress of grievances. " *They have no right by any direct suit, legal or equitable, to call the directors or other officers of the corporation to account for mismanagement,*" says Chief Justice Shaw. The officers are amenable only to the corporation. (*Abbott* v. *Merriam,* 8 Cush. 590 ; *Smith* v. *Hurd,* 12 Metcalf, 386–7.)

But assume that the stockholders may maintain an action, which is left undecided in *Gorham* v. *Gilson* (28 Cal. 482), still the case is undoubtedly exceptional in its character, and a strong affirmative showing must be made in the bill why the stockholder is plaintiff, and why the corporation is not. (*Fox* v. *Harbottle,* 24 Eng. Ch. 2 Hare, 461, 493, *et seq.*)

It must *appear* that the company *fraudulently refused,* upon *request,* to bring the action. "The corporation is the only party that can properly sue. If it refuse, then a stockholder, on *allegation* of that fact, may sue," etc. (*Gardiner* v. *Pollard,* 10 Bosworth, 677.)

The plaintiff has no right to *presume* that the company will refuse ; on the contrary, the presumption is, that it would assent if it has been injured. At any rate, the plaintiff "cannot even make it a party *defendant* without giving it the *option* of becoming a party plaintiff," etc. (*Id.* 10 Bosworth, 692–3.)

And both these grounds of demurrer are taken.

A demand on it must be made. "Should the corporation *refuse* to act, however, it is possible that the plaintiffs might maintain an action for the relief in question, by *alleging* that fact," etc. (*Gorham* v. *Gilson,* 20 Cal. 484; *Hearsy* v. *Veazie,* 24 Maine, 12.)

The pretended excuse for the want of a demand is not sufficient. It is averred, that the present *Board* of Directors "is *nearly,* if not *entirely,*" the same as when the acts were done. This is clearly bad pleading. The averment is not definite or precise ; it is too loose and general. *Non constat* but a *majority* of the Board was changed. *It* could assent. "Nearly if not entirely" means nothing, anything. The case of *Robinson* v. *Smith,* cited by the appellant, sanctions no

such pleading. The averment is manifestly vicious. The *majority* of the new Board had a right to the option, upon demand, of assenting or refusing. (*Franklin Ins. Company* v. *Jenkins,* 3 Wend. 130.)

This Board is composed of eight members. (1 Hittell's Dig. Art. 826.)

A majority thereof could act. And not only so, but a majority of the majority, duly assembled as a Board, could act. (1 Hittell's Dig. Art. 842, Sec. 17, Sub. 13; *Id.* Art. 750, Sec. 5.)

A majority of eight is five. A majority of five is three. Then five, or even three, could validly assent. Does "nearly, if not entirely," include five, or more, or less?

Crockett, J., delivered the opinion of the Court:

The demurrer to the complaint was properly sustained. The general rule is, that an action against trustees of a corporation for a misappropriation of its funds, must be brought in the name of the corporation. The funds which are misapplied are the property of the *corporation*—as such, and the action to recover them, must be brought in its name, unless in exceptional cases. One of the exceptions is, when a corporation, on a proper demand from a stockholder, refuses to institute the action. So long as the corporation is willing to perform its duty towards its stockholders, by instituting and conducting in good faith the necessary legal proceedings to recover moneys misapplied by the trustees, the stockholders have no cause to complain ; but if the corporation, after a proper demand, refuses to institute the action, the stockholders may sue in their own names. If it were otherwise, there would be a failure of justice, and a great many of the stockholders might go without redress. It is therefore necessary, in an action by a stockholder in such cases, to aver a demand and refusal, without which the action will not be sustained. The counsel for the plaintiff admit this to be the general rule, but claims that a demand and refusal are necessary, and would be wholly nugatory, when the trustees, who misapplied the funds, yet remain in

office and in control of the affairs of the corporation. It is said, that the law does not require such a mockery to be performed, as that the trustees who committed the wrong should be requested to institute an action in the name of the corporation against themselves, before a stockholder shall be allowed to sue in his own name. The reason given in the complaint in this action, as an excuse for the omission to make a proper demand of the corporation to institute the action, is, "that the Board of Directors, who now manage and control the affairs of said corporation, is *nearly, if not entirely,* composed of the same men who composed the Board of Directors of said corporation during the time hereinbefore mentioned, and who have been guilty of the corrupt and fraudulent conduct hereinbefore set forth, and who are defendants herein—for which reason this plaintiff has not requested the said corporation, or its officers, to institute an action against the defendants," etc.

If it be conceded that a demand and refusal are necessary, when the trustees who committed the wrong yet compose the whole or a majority of the Board (on which point we express no opinion), the complaint ought to have averred that fact explicitly, so that issue could have been taken upon it. Instead of this the averment is, that the present Board is composed "nearly, if not entirely," of the same persons who committed the wrong complained of. This is bad pleading, and lacks the precision which is requisite in an allegation of fact. The term "nearly" is purely relative, and does not define with accuracy how many of the defendants are members of the present Board of Directors, and is not equivalent to an averment, that the defendants compose even a majority of the present Board. The term "nearly," in the connection in which it is used in this complaint, presents no issuable fact, and there is no averment in direct terms, that the defendants compose the whole, or even a majority, of the present Board.

Judgment affirmed.