[S. F. No. 227.   Department One.—May 21, 1896.]

JAMES A. WAYMIRE ET AL., APPELLANTS, v. SAN FRANCISCO AND SAN MATEO RAILWAY COMPANY ET AL., RESPONDENTS.

CORPORATIONS—BONDS OF RAILWAY COMPANY—FORECLOSURE OF TRUST DEED—INJUNCTION—ACTION BY STOCKHOLDERS—CONSPIRACY TO DEFRAUD—MATTER OF DEFENSE—INTERVENTION.—An action will not lie at the suit of stockholders in a railway corporation to enjoin the foreclosure of a trust deed given to secure its bonds, on the alleged grounds that any demand upon the corporation to bring such action would be fruitless, and that by conspiracy and collusion of the directors of the railway company with a construction company, each having a majority of the same directors, the bonds had been fraudulently, and without consideration, transferred to the construction company, and to other defendants, and to enjoin further transfer of such bonds, and compel the delivery of them up for the benefit of the railway company, as no such independent action would lie in favor of the railway company, and the facts alleged are available to it as matter of defense in the foreclosure suit, and, by way of cross-complaint, therein to aid the defense; and, in case the corporation would not prosecute such defense in good faith, the stockholders have the right to intervene in the foreclosure suit, and to cause all the necessary parties to be brought in for the prosecution of such defense and the proper obtaining of affirmative relief therein in aid of the defense.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order dissolving an injunction.   J. M. SEAWELL, Judge.

The facts are stated in the opinion.

E. L. Campbell, for Appellants.

Stockholders must seek relief through the corporation.   But if their demand for redress is neglected or refused, or if it appears from their complaint that such demand would be unavailing, then the stockholders may commence action without previous demand on the corporation.   (Wickersham v. Crittenden, 93 Cal. 33.) While it is a general rule that an injunction will not be granted to stay proceedings in equity in the same or another court, still, such rule is not inflexible, and where an interested party can show that he cannot obtain ade-

quate relief in a pending action, such injunction will be granted. (High on Injunctions, 3d ed., secs. 52, 53, 67; *Uhlfelder* v. *Levy*, 9 Cal. 614; *Wilson* v. *Baker*, 64 Cal. 475.) Complete relief cannot be afforded in the fore-closure suit. A cross-complaint by the railway company or a complaint in intervention by stockholders, praying the relief asked in this case, which alone would be effec-tual, would tender issues wholly foreign to the original action, and, in effect, substitute an entirely different cause of action. It is doubtful whether an injunction can be granted on a cross-complaint. (*California Pac. R. R. Co.* v. *Central Pac. R. R. Co.*, 47 Cal. 549.)

*Edward P. Cole,* for Respondent C. A. Spreckels.

*Page & Eells,* for Respondent California Title Insur-ance and Trust Company.

The right to maintain this action under any view is in the corporation, and, before a stockholder can sue, he must aver that he has made an earnest effort to induce the corporation to take the necessary steps to obtain the relief sought, or that the application would be useless. (*Bacon* v. *Irvine,* 70 Cal. 222; *Hawes* v. *Oakland,* 104 U. S. 450; *Morrison* v. *Stone,* 103 Cal. 95; *Quincy* v. *Steel,* 120 U. S. 241; 4 Am. & Eng. Ency. of Law, p. 280, pars. 1, 2, 3.) One court of equity cannot enjoin the prosecution of another bill of equity or stay pro-ceedings in another equitable action in the same court, when no reason is shown why the aggrieved party can-not protect himself by interposing his defense in the former suit, since the defendant in the original suit can ordinarily avail himself of all his equities with full effect in that action. (High on Injunctions, secs. 52, 56; *Wilson* v. *Baker,* 64 Cal. 475; *Judson* v. *Porter,* 51 Cal. 562; *Crowley* v. *Davis,* 37 Cal. 268.) If the defend-ant refused, or threatened to refuse, to make the defense averred in the complaint here, the plaintiffs would have been allowed so to do, and to cause the necessary parties to be brought in; but, before they could interpose any

defense, they should show that the corporation declined to act, and this has not been done. (*Bronson* v. *La Crosse R. R. Co.*, 2 Wall. 283, 302; *Morrill* v. *Little Falls Mfg. Co.*, 46 Minn. 260; Code Civ. Proc., secs. 387, 389; Cook on Stocks and Stockholders, par. 659; *Koehler* v. *Black River etc. Co.*, 2 Black, 715; *Bayliss* v. *La Fayette etc. Ry. Co.*, 8 Biss. 193; Civ. Code, sec. 2423; Pomeroy's Equity Jurisprudence, 1370, 1372, and notes; *Graham* v. *Boston etc. R. R. Co.*, 118 U. S. 161; *Crowley* v. *Davis*, 37 Cal. 268.)

VANCLIEF, C.—In May, 1891, the defendant railway company issued to the defendant trust company eleven hundred bonds, each for one thousand dollars, in trust, to be sold for the use of the former company, and to secure the payment of said bonds executed to the trust company a trust deed of all its property, consisting of street railroads, franchises, and all personal property pertaining thereto. The bonds bear interest at the rate of six per cent per annum, payable semi-annually, and contain a provision to the effect that, upon certain defaults in the payment of interest, the trustee may elect to declare the principal due and foreclose the trust deed. In alleged compliance with these provisions the trust company, on May 10, 1894, commenced an action in the superior court of San Francisco against the railway company to foreclose the trust deed, and for the appointment of a receiver to take possession of the property conveyed by the trust deed, and to operate the same pending the action.

On April 6, 1895, and pending the aforesaid action to foreclose the trust deed, this action was commenced by James A. Waymire and six other stockholders of the railway company, " on behalf of themselves and all other shareholders and creditors of the railway company," to enjoin the trust company and its beneficiaries (the bondholders) from further prosecuting said foreclosure action, on the alleged grounds that, by a conspiracy and collusion of the directors of the railway

company, with the directors of the construction company (a majority of such directors of each company being the same persons), said bonds had been fraudulently and without consideration transferred to the defendants—the S. S. Construction Company, C. A. Spreckels, John A. Buck, Nicholas Ohlandt, Charles H. Buck, and John C. Ohlandt—and also to enjoin these defendants from selling or otherwise disposing of said bonds pending this action. The specific ultimate relief prayed for is that the sales and transfers of bonds to the last above-named defendants be adjudged fraudulent and void; that said defendants may be ordered to redeliver the bonds to the trust company for the proper use of the railway company; and that the injunction against the further prosecution of the foreclosure suit be made perpetual.

The court sustained a general demurrer to the complaint, and thereupon dissolved the temporary injunction, and dismissed the action. The plaintiffs appeal from the order dissolving the injunction, and from the judgment, upon the judgment-roll alone.

If the demurrer was properly sustained, of course the injunction was properly dissolved; therefore, the only question for decision is: Did the court err in sustaining the demurrer?

I think the court did not err in sustaining the demurrer. The alleged fraudulent acts of the directors and others were directly injurious to the corporation, and the relief asked is for the direct benefit of the corporation. The stockholders were only indirectly injured by the wrongs complained of, and would be only incidentally benefited by the judgment asked. Therefore, as a general rule, the action should have been brought by and in the name of the corporation; but when, upon proper demand by stockholders, the corporation *wrongfully* refuses to institute an appropriate action, or when it appears that such demand by stockholders would have been unavailing and fruitless, an action may be instituted and prosecuted by a stockholder for the direct and immediate benefit of the corporation, and for the inci-

dental benefit of the stockholders. (*Neall* v. *Hill*, 16 Cal. 145; 76 Am. Dec. 508; *Cogswell* v. *Bull*, 39 Cal. 320; *Wickersham* v. *Crittenden*, 93 Cal. 17; Spelling on Corporations, sec. 612.)

In this case it is alleged in the complaint that the stockholders made no demand that an action be instituted by the corporation, "for the reasons that such demand would not be complied with, and would be fruitless, and that the plaintiffs are advised that there is doubt whether said railway company can maintain such action; that the defense herein urged will not avail to defeat said action of foreclosure, and will not be complete and effectual, because the persons claiming said bonds are not parties thereto."

As to these allegations, it should be observed: 1. That so far as the facts alleged in the complaint entitle plaintiffs to the relief they pray for, or to interpose any obstruction to the action to foreclose the trust deed, to that extent the facts alleged are available as a defense to the foreclosure action. It seems unaccountable that plaintiffs were advised that facts, which would entitle them to a judgment nullifying the sale and transfer of the bonds, and perpetually enjoining the further prosecution of the action to foreclose the deed of trust, could not be made available as a defense to the foreclosure action; 2. Even if the stockholders had demanded that the corporation institute an independent suit, such demand would have been properly refused, for the reason that, being the principal defendant in the suit to foreclose the deed of trust, the corporation was not at liberty to institute an action in another court, nor in the same court, to enjoin further proceedings in the foreclosure action, but was bound to plead the facts alleged in plaintiffs' complaint herein by answer, or, if necessary to aid the defense, by cross-complaint in the foreclosure action. (Pomeroy's Equity Jurisprudence, secs. 1371, 1372; High on Injunctions, sec. 52; *Erie Ry. Co.* v. *Ramsey*, 45 N. Y. 637; *Graham* v. *Boston etc. R. R. Co.*, 118 U. S. 161; *Crowley* v. *Davis*, 37 Cal. 268; *Judson* v.

*Porter,* 51 Cal. 562; *Wilson* v. *Baker,* 64 Cal. 475; Spelling on Corporations, sec. 612); 3. If the corporation refused to answer the foreclosure complaint, or, having properly and fully answered, probably would not prosecute the defense in good faith, then, upon a proper application to the court, the stockholders would have been permitted to intervene, and to plead and prove all material facts alleged in their complaint in this action, and also to cause the necessary parties to be brought in. (Code Civ. Proc., secs. 387, 389, 442; Cook on Stocks and Stockholders, sec. 659; *Bronson* v. *La Crosse R. R. Co.*, 2 Wall. 283; *Bayliss* v. *La Fayette etc. Ry. Co.*, 8 Biss. 193; *Morrill* v. *Little Falls Mfg. Co.*, 46 Minn. 260.) In this case, however, it is not alleged that the corporation has refused or failed properly to answer the complaint in the foreclosure suit, nor that it will not defend in good faith; and, as to this, counsel for appellant in his brief says: " In justice to the lower court I venture to state that the railway company filed an answer in the foreclosure suit, setting up most of the facts alleged in the complaint in this case, and praying a dismissal," on the ground that the bondholders, upon whose requisition the action was brought, obtained those bonds " by fraud and without consideration, or with notice of those facts, and therefore such requisitions conferred no authority upon the trust company to institute proceedings," but asked no other relief. If the mere dismissal of the foreclosure suit on the ground that it was prematurely commenced was all the relief sought by the corporation, that fact (assuming, as we must, that the allegations of plaintiffs' complaint are true) was, probably, sufficient evidence of bad faith on the part of the corporation to entitle the stockholders to intervene. But, however this may be, the stockholders had no better right to maintain this action to enjoin or obstruct the prosecution of the foreclosure action upon grounds or facts available as a defense to that action, or which entitled them to affirmative relief merely in aid of or as a necessary consequence of such defense, than had the corporation; and it is plainly ap-

parent that the matters alleged in the complaint herein were available as a defense to that action, and that, so far as affirmative relief is asked, it is either in aid of such defense, or a necessary legal consequence thereof. If the defense of fraud in the transfer of the bonds be found true, it will necessarily and conclusively follow that the fraudulent transfer was void, and that the bonds should be restored to the trust company; and I see no reason why it might not have been so expressly adjudged in the foreclosure action, provided that the facts alleged in plaintiffs' complaint had been stated by them in an intervention complaint in that action, and provided, further, that the claimants of the bonds had been brought in as parties to that action, as we have seen they might have been.

I think the judgment and order appealed from should be affirmed.

BELCHER, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.