[Sac. No. 440.   Department Two.—November 30, 1898.]

SANFORD BENNETT, Appellant, v. J. B. WILSON, J. S. BRANSFORD, and the CALIFORNIA GOLD MINING AND INVESTMENT COMPANY, Respondents.

122   509
s133  380
133   382
133   385

REDEMPTION—RIGHTS OF PRIOR REDEMPTIONER—JUNIOR REDEMPTION— VOID JUDGMENT.—A prior redemptioner who has effected a valid redemption has succeeded to the rights of the purchaser, as the owner of an equitable estate in the lands, which, though condi-

tional, may become absolute by mere lapse of time, to which rights are added the rights of a redemptioner; and he has such an estate in the land as entitles him to protection against an assumed junior redemption under a void judgment.

ID.—ACTION TO DETERMINE INVALIDITY.—The prior redemptioner may maintain an action to determine the invalidity of the judgment and judgment lien claimed to support a junior redemption, and to determine that the holder thereof is not a redemptioner, and that plaintiff, under his redemption, is entitled to a sheriff's deed.

ID.—FRAUDULENT JUDGMENT—FALSE RETURN OF SERVICE—WANT OF JURISDICTION.—The plaintiff in such action may assail the junior judgment as having been fraudulently obtained by default, upon a false and collusive return of service of summons by the sheriff, if no service of summons was in fact made, and may show that the judgment is void for want of jurisdiction of the person of the defendant.

ID.—DEFENSE UPON MERITS.—In such case, the plaintiff is not required to show that there was a defense upon the merits to the action in which the void judgment was rendered.

ID.—PAYMENT OF REDEMPTION MONEY TO SHERIFF—ESTOPPEL.—The sheriff is not so far the agent of the purchaser or of a prior redemptioner as to bind or estop him from questioning the validity of a subsequent redemption upon which the money is paid to the sheriff.

ID.—PARTIES TO ACTION—PURCHASER—OWNER OF LAND—HARMLESS MISJOINDER.—The purchaser from whom the redemption was made by the plaintiff is not a necessary party to an action by the redemptioner to determine the invalidity of a junior redemption; and the misjoinder of the corporation which owned the land sold, and was a party defendant to the void judgment, is not an injury to the junior redemptioner who obtained the void judgment.

APPEAL from a judgment of the Superior Court of Plumas County. Stanley A. Smith, Judge.

The facts are stated in the opinion.

Goodwin & Webb, for Appellant.

L. N. Peter, for Respondent Wilson.

W. W. Kellogg, for Respondent Bransford.

R. V. Whiting, for Respondents, Wilson and Bransford.

CHIPMAN, C.—Action to determine the invalidity of a certain judgment lien and that the holder thereof is not a redemp-

tioner, and that plaintiff, under his redemption, is entitled to sheriff's deed. A demurrer, interposed to the amended complaint upon several grounds, was sustained, and defendants had judgment dismissing the action, from which plaintiff appeals.

The facts alleged which are necessary to illustrate the main question discussed by counsel may be briefly stated. Defendant company is a foreign corporation and owned and operated mining property in Plumas county; defendant Bransford is sheriff of said county; defendant Wilson is a stockholder in and the managing agent and in actual control and management of the property of defendant corporation; in 1885, one Swearingen obtained a judgment lien against the property of defendant corporation which was sold on execution, and one Cole became the purchaser at sheriff's sale July 18, 1896; the defendant corporation did not redeem; plaintiff obtained a judgment lien before the time of redemption expired, and with it redeemed from the purchaser and sixty days thereafter demanded a deed from the sheriff, which was refused for the alleged reason that defendant Wilson was a lawful redemptioner, and had within the sixty days required by law made redemption; Wilson's judgment lien was junior to plaintiffs; it is alleged that Wilson's judgment was obtained by fraudulent collusion between him and said sheriff, whereby the sheriff made a false return of service of summons on defendant corporation; that no service was in fact made, and said corporation had no knowledge or notice of the action commenced by Wilson and did not appear or answer, and judgment was obtained by default, and said judgment is fraudulent and void; plaintiff refused to accept the money tendered and demanded a deed from the sheriff, which was refused.

The demurrrer admits that defendant Wilson is seeking to enforce the rights of a redemptioner while holding a judgment which is void. Plaintiff admits that defendant Wilson paid to the sheriff money sufficient to fully redeem from plaintiff's judgment and the original judgment and all attendant costs, interests, and charges. Plaintiff's injury, therefore, consists, not in losing any money he has paid out nor any of the money due on his judgment, but in losing whatever of advantage he might gain by acquiring the property of the judgment debtor.

The contention of appellant is, that the corporation debtor, by failure to redeem in time, lost all equitable title, to which plaintiff succeeded by redemption, and the corporation now holds only the naked legal title to be conveyed by the sheriff; the title being in this condition, defendant Wilson presented himself to the sheriff as a redemptioner, with a judgment, regular in form, and must stand upon his strict legal rights arising from his judgment; he has no equities, nor can he urge any; that plaintiff acquired an inchoate right to the property by his redemption and became the equitable owner, and that equity will protect him in the enjoyment of such rights against a void judgment; and the judgment which gives the right to redeem must be a *bona fide* existing judgment. The position of respondents briefly stated is, that the Wilson judgment, being regular on its face, is valid as against the corporation until the latter proceeds to set it aside; and became a valid lien at its entry; if it was a fraud on the corporation, it was not such on plaintiff, as it was subordinate to his judgment; no collusion is charged between Wilson and the corporation, and no rights of plaintiff have been violated; he has received all he can rightfully ask and has shown no injury by Wilson's redemption, and no relief can be asked where no injury is shown; that Wilson's judgment was voidable, but not void; and no person not a party to the original action can be heard to call it in question in equity unless the rights of such person were injuriously affected by it at its rendition; that plaintiff does not seek to set aside Wilson's judgment, but to have it declared not to be a lien as entitling Wilson to the right of redemption, and the attack is collateral and not direct.

1. There is no dispute that Wilson on the face of his judgment was a redemptioner under section 701 of the Code of Civil Procedure, and the only question is: Can plaintiff, as a prior redemptioner, prevent Wilson from redeeming by showing that his judgment is void?

Plaintiff, by his redemption from the purchaser, acquired something more than a lien by which was secured the right to be reimbursed what he had paid out and the amount of his judgment and attendant charges. He succeeded to the rights of the purchaser, to which are to be added the rights of a redemptioner. The interest of the purchaser has been defined to be "an in-

choate right, which may be perfected into a perfect title without any further act than the execution of a deed in pursuance of a sale already made. . . . . The purchaser has already bought the land and paid for it. The sale is simply a conditional one, which may be defeated by the payment of a certain sum by certain designated parties, within a limited time." (*Page v. Rogers,* 31 Cal. 294.) It was there shown that the purchaser acquires an equitable estate in the lands, and, although conditional, it may become absolute by mere lapse of time; the legal title remains in the judgment debtor with a right to defeat the sale within the statutory time, failing in which the estate of the purchaser becomes indefeasible, and only the dry, naked, title remains in the judgment debtor which may be devested by the sheriff's deed; and during this redemption period the statute regards the purchaser as the owner in equity and gives him the rents and profits. As a further incident of this estate, it is shown that the purchaser's interest may be attached and sold on execution both before and after the expiration of the time for redemption. (*Page v. Rogers, supra.*) This case has been frequently cited, and the general propositions above stated were reaffirmed as late as *Robinson v. Thornton,* 102 Cal. 675. Section 700, of the Code of Civil Procedure, provides that where real estate is sold by a sheriff "the purchaser is substituted to and acquires all the right, title, and interest, and claim of the judgment debtor thereto," subject only to redemption as the statute prescribes.

In *Foorman v. Wallace,* 75 Cal. 552, it was held that a sheriff's certificate of sale of real property is the evidence of the equitable interest which the purchaser has in the land, and is an instrument whereby an interest or title is created within the meaning of section 1107 of the Civil Code. (See Freeman on Executions, sec. 323. See *Walker v. McCusker,* 71 Cal. 594, as to right of purchaser and redemptioner to rents, issues and profits under section 707 of the Code of Civil Procedure.)

It seems to us very clear that the law should give to the holder of such an estate in land some appropriate proceeding by which to protect it against the operation or lien of a void judgment. "A void judgment is, in legal effect, no judgment. By it no rights are divested. From it no rights can be obtained. Being

worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one." (Freeman on Judgments, sec. 117.) The general rule is, that none but the parties to a judgment can have it set aside. But this rule is not without its execptions, and third parties—persons not nominal parties—who are necessarily affected by the judgment, may be protected from its operation. (Freeman on Judgments, sec. 92.)

Respondents urge with great earnestness that when plaintiff was tendered all he had paid out, and all penalties and the amount due on his judgment and interest, he had no right to ask more; and whether defendant Wilson's judgment was void or valid was of no concern to him; he was not injured, and only the judgment debtor could complain. It is true that only such strangers to the judgment as would be prejudiced thereby in some pre-existing right should be allowed to impeach the judgment. But we think the interest or estate vested in the purchaser or redemptioner, as already shown, was something more than the right to what respondents would limit him; and to permit plaintiff to be deprived of this estate by the lien of a void judgment would prejudice his pre-existing right. Respondent claims under a judgment procured through alleged fraud—a default judgment obtained against defendant corporation that was never served with summons, and did not appear at the trial and did not redeem from the sale. Plaintiff was not a party to that action, and had no opportunity to be heard in any way to impeach the validity of the judgment in that action. Unless he can do so by bill in equity, he can never have relief, but must surrender the rights acquired as a redemptioner under a valid judgment to a junior redemptioner who holds a judgment alleged to be void because the judgment debtor was not served with process, and void also because of alleged fraudulent collusion between the judgment creditor and the sheriff who made return of service. We think plaintiff's right of action comes clearly within the principles discussed by Mr. Freeman and supported by the cases cited in his work upon Judgments in sections 334-337. Among the cases cited is that of *Downs v. Fuller*, 2 Met. 135; 35 Am. Dec. 393. In that case the junior redemptioner (plaintiff) held a judgment obtained— as the judgment is alleged to have been obtained in this case—

*i. e.*, without due service of summons, but no fraud was alleged. His offer to redeem was refused, and he brought a bill in equity to enforce redemption. Defendant pleaded that plaintiff's judgment was void, and his plea was sustained and the bill dismissed. The court said: "Although the judgment in favor of the plaintiff in the present case was not recovered by collusion with the debtor, or with any fraudulent intention, yet we think the defendant has a right to avoid it in the same manner, because he is neither party nor privy to the plaintiff's judgment, and is not entitled by the rules of law to reverse it by a writ of error. This was so decided in *Warter v. Perry*, Cro. Eliz. 196; and in *Randal's Case*, 2 Mod. 308; and the same principle is laid down in Comyn's Digest, Error D., and in 5 Dane's Abridgment, 255. This rule of law does not appear, in any case, to have been controverted, and it seems reasonable and just that where a judgment is recovered contrary to law and prejudicial to a third party, he should have a right to avoid it." The principle was applied in favor of a junior judgment creditor who was permitted to show that a prior sale of the premises under execution was invalid. (*Clark v. Fowler*, 5 Allen, 46.) See other instances cited in note to *Downs v. Fuller, supra*. *Downs v. Fuller, supra*, is cited approvingly in *Pierce v. Strickland*, 26 Me. 277, and the principle was also fully affirmed in *Caswell v. Caswell*, 28 Me. 232.

Respondent cites several cases and Freeman on Executions to show that the judgment debtor may confess judgment before the time of redemption has expired for the express purpose of making the judgment creditor a redemptioner. It was held in *McMillan v. Richards*, 9 Cal. 365; 70 Am. Dec. 655, that a creditor of a mortgagor, obtaining a judgment after sale under foreclosure, but before the execution of the conveyance thereunder, acquired a lien on the estate entitling him to redeem. And Mr. Freeman states that it is immaterial whether the judgment is the result of contested litigation or was confessed for the purpose of creating a right to redeem after the sale was made. (Freeman on Executions, sec. 317.) But the cases cited and the author quoted have reference to valid judgments—judgments confessed or entered in good faith. They can have no reference to a void judgment obtained by fraud and without the knowledge or consent of the debtor.

*Seale v. Doane,* 17 Cal. 476, is cited to the proposition that it is immaterial whence the money comes with which redemption is offered to be made. That may be true, but it must be tendered by a lawful redemptioner. The statute declares who alone are redemptioners. In the case cited the board of supervisors were empowered to redeem the property of the city and county of San Francisco, and having the power to protect the property, but having no money with which to redeem, it was held that the redemption was good and it was immaterial who furnished the money.

Respondents further claim that the complaint is not sufficient because it does not appear that there is any defense to Wilson's judgment on the merits. (Citing Freeman on Judgments, sec. 486, and numerous California cases.) The principles discussed in these cases relate to the rights of the parties to the action, and have no application to a case such as the present one. Respondents' contention would shut out relief where the judgment was collusive between the debtor and creditor and had no merit whatever. It is because the judgment is in fact void, not because it might have been made valid, that the relief is afforded.

Respondents further contend that plaintiff is estopped by section 704 of the Code of Civil Procedure. The part of the section relied upon reads: "The payment mentioned in the last two sections may be paid to the purchaser or redemptioner, or for him to the officer who made the sale." It is claimed that the sheriff is, by this section, made the agent for plaintiff, and payment to and acceptance by such sheriff (Bransford) of the money paid by Wilson on redemption was conclusive as against plaintiff. There is nothing in the point. The sheriff is authorized to receive the money of a redemptioner or a purchaser for a previous redemptioner, but the statute does not make the sheriff such an agent as that by receiving the money it would necessarily bind the purchaser or previous redemptioner to accept it.

2. It is claimed that there is a defect of parties defendant because Cole, the purchaser of the property sold, was not made a party. The complaint shows that plaintiff redeemed from him. He is not a necessary party.

3. It is claimed that there is a misjoinder of parties defendant because it does not appear from the complaint that the corporation is either a necessary or proper party. We do not at this moment see why the corporation should have been joined as a defendant; but we do not see that respondents would be injured thereby.

Respondents state in their brief that the trial judge overruled the demurrer upon the special grounds alleged, and sustained it on the general ground of insufficiency of facts. We think the court erred in sustaining the demurrer on the grounds alleged; and advise that the judgment be reversed and the cause remanded with leave to the defendants to answer.

Searls, C. and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded with leave to defendants to answer.

Henshaw, J., Temple, J., McFarland, J.