[L. A. No. 8688.  In Bank.—May 10, 1927.]

LEONARD J. DIFANI, Respondent, v. RIVERSIDE COUNTY OIL COMPANY (a Corporation), Defendant; C. A. SWEETERS, Sheriff, Respondent; TWIN CITIES GAS COMPANY (a Corporation), and CARRIE CAHILL, Appellants.

[1] MOTIONS — ORDER TO SHOW CAUSE — NATURE OF — PARTIES. — An order to show cause is a notice of motion and a citation to the party to appear at a stated time and place to show cause why a motion should not be granted.

[2] ID.—PARTIES.—It is settled that one who is not a party to a proceeding may not make a motion therein.

[3] ID.—ACTION AGAINST CORPORATION—MOTION TO SET ASIDE JUDGMENT—PARTIES—CREDITORS.—A creditor of a corporation who is not a party to an action against the corporation cannot properly inject itself into the action for the purpose of moving to set aside a judgment and attachment against the corporation in favor of another creditor; and an order of the trial court striking from its files an order to show cause why said judgment and attachment should not be vacated could not prejudicially injure such creditor.

[4] CORPORATIONS—STOCKHOLDERS—RIGHT OF CONTROL.—A corporation represents and binds its stockholders in all matters within the limits of its corporate powers when acting in good faith and without fraud upon their rights. So long as a corporation is willing to perform its duty toward its stockholders by instituting and conducting in good faith necessary legal proceedings the

———

1.  See 18 Cal. Jur. 648.
2.  See 18 Cal. Jur. 650.
4.  See 6 Cal. Jur. 862; 7 R. C. L. 331.

stockholders have no cause for complaint; with the right of the corporation to sue and be sued concerning corporate rights or liabilities, the stockholders cannot interfere, except when the governing directors or trustees refuse to act or are guilty of fraud in the maintenance or defense of an action.

[5] ID.—REMEDIES OF STOCKHOLDERS.—A member or stockholder of a corporation cannot have redress for any wrong or injury to the corporation until he has exhausted all the means within his reach to obtain redress from the managing body of the corporation and the corporation itself has failed, after proper application to it, to take the necessary and proper steps in the premises. It is the general rule that where a corporation defendant refuses to defend an action, or, having begun a defense, it is made to appear that the corporation will not press it in good faith, a stockholder may, upon a proper application showing the facts, be allowed to become a party and defend on behalf of the corporation, but he must show that he cannot induce those in control to do that which is fair and right.

[6] ID.—JUDGMENT AGAINST CORPORATION—ATTACK BY STOCKHOLDER—INSUFFICIENT SHOWING.—A stockholder of a corporation has no standing to move to set aside a judgment obtained against the corporation by a creditor, where there is no showing that the governing board of directors or trustees of the corporation had fraudulently permitted the recovery of the judgment complained of, and the only charge of fraud in the procurement thereof being directed at the president of the corporation, and there being no showing that the stockholders made application to and demand upon the directors or trustees of the corporation looking to their taking the necessary steps to have the asserted fraudulent judgment and an attachment vacated and set aside. Under the circumstances, such stockholder is not prejudiced by an order of the trial court striking from the files an order to show cause why such judgment and attachment should not be vacated.

[7] ID.—STATUS OF STOCKHOLDER—REMEDIES.—In such a case, even if the stockholder had made the necessary showing and was properly before the court she would be clothed with no other or greater rights than those of the corporation, in whose shoes she would be standing, the latter remaining the real party in interest; and the only remedies available to the corporation to avoid the asserted fraudulent judgment were an appeal therefrom, motion for new trial, and a motion to vacate and set aside said judgment under section 473 of the Code of Civil Procedure, fraud being recognized as a ground for relief under the latter section.

5.  See 6 Cal. Jur. 867; 7 R. C. L. 332.

7.  See 6 Cal. Jur. 864.

[8] ID.—GROUNDS FOR DECISION—IMMATERIALITY OF.—The fact that the trial court attempted to justify its order on grounds other than those considered in the opinion on appeal is unimportant.

(1) 42 **C. J.**, p. 489, n. 58, 61, 62.    (2) 42 **C. J.**, p. 476, n. 90. (3) 34 **C. J.**, p. 348, n. 99, p. 439, n. 71; 42 **C. J.**, p. 476, n. 91. (4) 14 **C. J.**, p. 924, n. 11, p. 926, n. 21, p. 931, n. 71; 14a **C. J.**, p. 303, n. 23.    (5) 14 **C. J.**, p. 931, n. 73, p. 932, n. 74, 76, 77, 80. (6) 14 **C. J.**, p. 930, n. 56, p. 933, n. 88, 91.    (7) 14 **C. J.**, p. 938, n. 80; 34 **C. J.**, p. 278, n. 89.    (8) 4 **C. J.**, p. 663, n. 92.

APPEAL from an order of the Superior Court of Riverside County striking from the files an order to show cause. William H. Ellis, Judge. Affirmed.

The facts are stated in the opinion of the court.

Thomas C. Whitlock for Appellants.

O. K. Morton, District Attorney, and Albert H. Ford, Deputy District Attorney, for C. H. Sweeters, Sheriff.

Loyal C. Kelley for Respondent.

THE COURT.—This is an appeal from an order, as amended, striking from the files of the superior court of the county of Riverside an order to show cause theretofore issued in the above-entitled action.

The action was instituted by the plaintiff, as assignee of the president of the defendant oil company, to recover on a claim against said company for salary and commissions alleged to be due and owing to the plaintiff's assignor. Service was had upon the defendant company by leaving a copy of the complaint and summons with its vice-president. An attachment, duly and regularly issued out of the lower court upon the institution of the action, was on February 6, 1925, levied upon some 1,320 feet of well casing in the possession of the defendant company. Upon the expiration of the statutory period and pursuant to the authority conferred by subdivision 1 of section 585 of the Code of Civil Procedure, the clerk, on March 2, 1925, entered a default judgment against the defendant company in the sum of

8.  See 2 **Cal. Jur.** 809.

$6,884.05, the amount prayed for in the complaint with interest, together with plaintiff's costs of suit. Thereafter and upon the filing therein of affidavits on behalf of the Twin Cities Gas Company, a creditor, and Carrie Cahill, a stockholder of the defendant corporation, an order was made by the trial court directing the plaintiff and the respondent sheriff to show cause before it on March 7, 1925, why the judgment entered and attachment issued and levied should not be vacated, set aside, and canceled. Further proceedings to enforce said judgment and attachment were enjoined pending determination of the motion to vacate. The affidavits upon which said order to show cause was issued charged, among other things, that the action was "baseless and fraudulent" and one intended "to cheat, defraud and deprive the stockholders of the defendant company and the creditors thereof of the only valuable asset of the defendant company and their rights thereto." Upon motion the order to show cause was thereafter stricken from the files of the court below on the ground that "no person but a stranger is before the court . . . and this proceeding is a collateral attack upon the judgment." The temporary injunction theretofore granted was, at the same time, dissolved. It is from this order striking the order to show cause from the files that the complaining creditor and stockholder have prosecuted this appeal.

The appeal was placed upon a special calendar of this court upon an order to the respondents to show cause why said order should not be reversed, or that such order be made as might be meet in the premises. At the time of the placing of the cause upon said calendar, and the entry of the order to show cause herein, it appeared that the appellants' brief had been filed herein but that no brief had been filed on behalf of the respondents although the time for the filing of such brief under the rules of this court had long since expired.

[1] We are of the opinion, for the reasons hereinafter mentioned, that the order to the respondents to show cause in the court below why the judgment and attachment complained of should not be vacated and set aside was properly stricken from the files thereof. An order to show cause is a notice of motion and a citation to the party to appear at a stated time and place to show cause why a

motion should not be granted. (*McAuliffe* v. *Coughlin*, 105 Cal. 268 [38 Pac. 730].) **[2]** It is settled that one who is not a party to a proceeding may not make a motion therein. (*Estate of Aveline*, 53 Cal. 259; *Bennett* v. *Wilson*, 122 Cal. 509, 514 [68 Am. St. Rep. 61, 55 Pac. 390]; *United States Bank* v. *Kendall*, 179 Fed. 914.) As stated in the opinion in the latter case, "It is a recognized rule of legal procedure that no one not a party to the action, without any disclosed interest in the result thereof, can be permitted to thrust himself into the controversy by filing any character of pleading therein. Indeed, it would seem to confound the reason of the law, in a mere action at law, requiring pleadings to make up issues to be tried between the parties named in the action, that one not interpleaded as a party, neither for nor against whom the court could render any relief or judgment, could, *sua sponte*, come into the litigation for any purpose."

**[3]** The appealing creditor of the defendant corporation is a stranger to the record and not a party to the action. In view of the authorities it could not, therefore, make any motion in the court below or come into the litigation for any purpose. It follows that said creditor could not properly inject itself into this action for the purpose of moving to set aside the judgment and attachment against the defendant corporation. The order of the court below striking from its files the order to show cause why said judgment and attachment should not be vacated did not, therefore, prejudicially injure the Twin Cities Gas Company, the appealing creditor. Nothing said herein, however, is to be considered as an expression of opinion precluding said creditor from directly attacking the asserted fraudulent judgment and attachment in an appropriate proceeding, for it has been held that persons who are necessarily affected by the entry of a fraudulent judgment may, even though strangers to the record of the action wherein the judgment was rendered, attack the same in an appropriate proceeding instituted for that purpose. (*Bennett* v. *Wilson*, *supra;* 1 Freeman on Judgments, 5th ed., secs. 317–319; 1 Black on Judgments, 2d ed., secs. 291, 293, 295.) As to the merits or availability of such a proceeding to the appealing creditor herein we undertake to express no opinion.

[4] There remains to be considered what injury, if any, the appealing stockholder has suffered by virtue of the order of the lower court striking from its files the order to show cause why the asserted fraudulent judgment and attachment should not be vacated and set aside. A corporation represents and binds its stockholders in all matters within the limits of its corporate powers when acting in good faith and without fraud upon their rights. So long as the corporation is willing to perform its duty toward stockholders by instituting and conducting in good faith the necessary legal proceedings the stockholders have no cause for complaint; with the right of the corporation to sue and be sued concerning corporate rights or liabilities the stockholders cannot interfere, except when the governing directors or trustees refuse to act or are guilty of fraud in the maintenance or defense of an action. (*Waymire* v. *San Francisco etc. Ry. Co.*, 112 Cal. 646 [44 Pac. 1086]; *Baines* v. *Babcock*, 95 Cal. 581 [29 Am. St. Rep. 158, 27 Pac. 674, 30 Pac. 776]; *Cogswell* v. *Bull*, 39 Cal. 320.)

[5] Moreover, a member or stockholder cannot have redress for any wrong or injury to the corporation until he has exhausted all the means within his reach to obtain redress from the managing body of the corporation and the corporation itself has failed, after proper application to it, to take the necessary and proper steps in the premises. (*Whitehead* v. *Sweet*, 126 Cal. 67 [58 Pac. 376]; *Ashton* v. *Dashaway Association*, 84 Cal. 61 [7 L. R. A. 809, 22 Pac. 660, 23 Pac. 1091]; *James* v. *Steifer Min. Co.*, 35 Cal. App. 778 [171 Pac. 117].) It is the general rule that where a corporation defendant refuses to defend an action, or, having begun a defense, it is made to appear that the corporation will not press it in good faith, a stockholder may, upon a proper application showing the facts, be allowed to become a party and defend on behalf of the corporation, but he must show that he cannot induce those in control to do that which is fair and right. (*Favorite* v. *Superior Court*, 181 Cal. 261 [8 A. L. R. 290, 184 Pac. 15]; *Waymire* v. *San Francisco etc. Ry. Co., supra.*)

[6] In the instant case the appealing stockholder made no charge in her affidavit filed in the court below, and no showing has been attempted on this appeal, that the governing board of directors or trustees of the defendant cor-

poration had fraudulently permitted the recovery of the judgment complained of. Such a showing is, under the foregoing authorities, essential to any application by a stockholder on behalf of the corporate entity. The only charge of fraud in the procurement of the judgment herein is directed at the president of the defendant corporation which charge would, in view of the authorities, appear to be insufficient. Nor is there any statement in the affidavits filed herein tending to show that said stockholder had, as required, made application to and demand upon the directors or trustees of the defendant corporation looking to their taking the necessary steps to have the asserted fraudulent judgment and attachment vacated and set aside. No attempt is made in the affidavits to point out the futility of such a demand.

In our opinion either of the foregoing reasons would seem sufficient to warrant a holding that the appealing stockholder has not been prejudicially injured by the striking from the files of the lower court of the order to show cause. [7] There is, however, in our opinion still another ground equally capable of sustaining the action of the court below, for even if it be assumed that the appealing stockholder had made the necessary showing and was properly before that court she would be clothed with no other or greater rights than those of the corporation defendant. In other words, she would merely stand in the shoes of the corporation, the latter remaining the real party in interest. (*Turner* v. *Markham*, 155 Cal. 562 [102 Pac. 272] ; *Willis* v. *Porter*, 132 Cal. 516 [64 Pac. 896] ; *Wickersham* v. *Crittenden*, 110 Cal. 332 [42 Pac. 893].) This being so, she could avail herself only of those remedies open to the corporate entity. (*Turner* v. *Markham, supra; Willis* v. *Porter, supra*.) The only remedies that were available herein to the defendant corporation to avoid the asserted fraudulent judgment were an appeal therefrom, a motion for new trial, and a motion to vacate and set aside said judgment under section 473 of the Code of Civil Procedure. Fraud is recognized as a ground for relief under said code section. (*In re Yoder*, 199 Cal. 699 [251 Pac. 205].) An inspection of the record in the instant case fails to disclose that the appealing stockholder seasonably pursued, on behalf of the defendant corporation, any one of' the enumer-

ated remedies. We refrain from expressing any opinion, however, as to the right of said stockholder on behalf of the corporation to directly attack the judgment in an action on the equity side of the superior court in the event the directors or trustees of the corporation defendant, after demand made, refuse in bad faith to invoke the necessary proceedings.

There is nothing in the authorities cited by the appellants inconsistent with the views herein expressed. [8] Nor do we deem of importance the fact that the court below attempted to justify its order on grounds other than those considered in this opinion. (*Troy* v. *Troy,* 72 Cal. App. 757 [238 Pac. 143]; 2 Cal. Jur. 809.)

The order appealed from is therefore affirmed.