**CARLA CORKINS, Plaintiff**

**v.**

**PAUL DARROW, Individually, and BEACH PLUM INN, INC., Defendants**

Civil No. 128/1988

**CARLA CORKINS, Plaintiff**

**v.**

**PAUL DARROW and BEACH PLUM INN, INC., Defendants**

Civil No. 129/1988

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

May 23, 1988

MARSHALL A. BELL, ESQ., St. Thomas, V.I., *for plaintiff*

MARIA T. HODGE, Esq., St. Thomas, V.I., *for defendants*

CHRISTIAN, *Senior Sitting Judge*

# ORDER

## I. INTRODUCTION

Before the Court for decision are two Motions filed by plaintiff:

A. Motion dated and filed April 5, 1988, for a rule nisi to be issued to defendants to show cause why a final order should not be issued by the Court holding defendants in contempt for failure to file a $20,000.00 bond as directed in an Order of the Court dated March 8, 1988, and for an immediate hearing on the rule;

B. Motion to Amend Complaint in Civil No. 128/1988 dated and filed February 12, 1988.

Both Motions will be granted.

## II. FACTS

The first Motion is based on the following facts: That at a hearing held on March 8, 1988, in above-titled action, the Court granted an in limine motion for consolidation of the trial of the two actions as a single, regular civil action, on the grounds that both actions involve identical parties, claims, counterclaims, and witnesses;[1] and that in any event, Case No. 129/1988 filed as a summary forcible entry and detainer action, becomes coram non judice, if it is shown by sufficient proof to the Court that the case involves issues which are beyond its jurisdiction to decide in this class of cases;[2] that in its March 8, 1988, Judgment, the Court, inter alia, ordered "that the defendants post a bond with the Clerk of the Court in the sum of $20,000.00, which sum shall be calculated to include any sums previously paid by the defendants to the plaintiff on account of a security deposit, the net bond to be filed with the Clerk to be accompanied by the cancelled check or other confirmation of the security deposit, which added to the amount, the bond, shall equal the sum of $20,000.00"; that the defendants have up to April 5, 1988,

---

[1] See Fed. R. Civ. P. 42(a).

[2] See 5 V.I.C., App. IV, Rule 37, as amended by the District Court in Gate Real Estate, Inc. and Safari Palm, Inc., Civil No. 81-301, on May 14, 1982, to read as follows: "Summary proceedings between landlord and tenant for the recovery of possession of premises and for forcible entry and detainer which are brought under the provisions of 28 V.I.C. § 781 et seq. shall not be joined with any other cause of action; nor shall a defendant, in any such proceeding, be permitted to file a counterclaim or third-party complaint, although the defendant is permitted to raise any defenses he may have to the plaintiff's cause." See also Inter Car Corporation v. Discount Car Rental, 21 V.I. 157; Civil No. 191/1984, decided March 27/1984.

the date of the application for the rule nisi, failed to post such bond; and that such failure constitutes a civil contempt of Court for which the defendants should be summarily brought before the Court by arrest by the marshal, punished for the contempt, and made to post the bond forthwith, especially as plaintiff fears that defendants plan to leave the jurisdiction permanently within a few days.

Plaintiff's second Motion, to amend the complaint, is based on the fact that since the institution of the case by plaintiff, "Defendants filed an outrageous and frivolous counterclaim for purposes ulterior and collateral to the intended judicial process. Moreover, Defendants have abandoned the premises in question, causing Plaintiff additional injury and allowed the Plaintiff to discover the full extent of her losses," presumably damages to the demised premises beyond ordinary wear and tear.

## III. DISCUSSION

### A. Motion For Rule To Show Cause

Movant claims that defendants were aware of the Court's Order to post the bond as they were present in Court when the Order was pronounced from the Bench; that they were advised of their duty to post the bond by service on them of the Court's Order in writing; by a letter of the Court; and telephonically by the Court's Law Clerk; that their failure to post the bond is not due to the fact, as they claim, that albeit they were making diligent efforts to comply they have thus far failed, but rather to their wilful, open defiance of the Court's Order; if the Court did not act expeditiously, the entire matter would be mooted by defendants' abandonment of the premises and their departure from the jurisdiction of the Court permanently to parts unknown, which developments plaintiff feared were imminent.

There is no question about the truth of Movant's statement that defendants and their counsel knew of the existence of the Court's Order to post the bond. But Movant's absolute certainty that having them appear in Court posthaste would be procedurally appropriate and would provide the standard of proof required by law to impose on them the severe sanctions demanded for failure to post the bond the Court finds difficult to accept. How would plaintiff be able to provide that degree of proof? And while the burden of proof is on the defendants, the parties required to show cause in this ex parte Motion, 56 Am. Jur. 2d, Section 34, surely Movant does not expect defendants to make a sudden about-face and testify that while they

361

have been saying all along that they were diligently making a bona fide effort to comply with the Court's Order to post the bond, the opposite is in fact the case. Given our decision on this Motion, we shall all be afforded the opportunity to see how this turns out at the hearing.

It must be borne in mind that our Order to post the $20,000.00 bond must, by its very nature, contain two factors well known to all, which we had no need to express, and was thus provisional in two respects. The first implied or implicit factor was that the defendants owed the money, the payment of which the posting of the bond was to secure. From the rent account as it was then and as it stands today, this factor appears to exist. The second factor is that defendants were able to obtain the bond, by their own resources and/or from the resources of other persons or entities. No one in his right mind could interpret this Order of the Court as not implicitly containing these two conditions, and to be to that extent absolute. If the Court's Order can be read correctly in this way, it would be illegal, for it would be unreasonable, capricious, inherently unjust, and would consequently amount to plain error.

■ Movant also insists that the Court obtain defendants' presence in Court for the hearing on the rule nisi by having the marshal arrest them, not by service on them of the rule, and then if they fail to appear, by arrest. Movant also asks the Court to dismiss defendants' counterclaim, and grant her immediate possession of the premises, costs and attorney's fees, for failure to post the bond. Not only does the Court not look with favor on the Movant's recommended use of process; we feel the Court has no authority to act in this manner, that such action would clearly amount to an abuse of process. "After a rule or order to show cause is made, notice is served on the party against whom the rule or order is obtained, and the matter is then heard like other motions." 56 Am. Jur. 2d, Section 34. See also Difani v. Riverside County Oil Co., 201 Cal. 210, 256 P. 210; Schillerstrom v. Schillerstrom, 75 N.D. 667, 32 N.W.2d 106, 2 A.L.R.2d 271.

While the rule to show cause is issued ex parte, i.e., without defendants' prior participation or hearing, they are not brought to Court by arrest of the marshal on a warrant, but by notice to appear for the hearing. If they fail to honor the notice, then only may the warrant for their arrest properly issue.

Defendants' claim in their Response that they have in fact been making diligent efforts to comply with the Court's Order to complete the filing of the $20,000.00 bond, $5,000.00 of which is already in the registry of the Court; that they know of no authority this Court possesses either to apply the sanction of dismissal of their counterclaim, assuming they, on proper notice and hearing, are proven guilty of contempt of Court for failure to complete the filing of the bond; or that this Court has authority to apply the sanction of summary personal arrest of defendants by the marshal for failure to post the bond.[3] We have already expressed the Court's opinion on these positions, and need not repeat it here.

The reason why the Court required defendants to post the bond was to provide reasonable security for payment of the rent due plaintiff during the estimated period of pendency of the lawsuit.

Of course, if defendants vacate the premises, as we understand from plaintiff's later filings they have,[4] then so as not to improperly provide to plaintiff the benefit of a prejudgment attachment, the amount of the bond should be limited to the amount of the rent due for the period defendants actually occupied the premises. The Court gathers from the papers filed subsequent to the March 8, 1988, Order to post the $20,000.00 bond that at least that amount of rent is due and unpaid for February and March, 1988, at $10,000.00 a month. It is not clear to us whether defendants occupied the premises any part of April, 1988, the last month of the six-month lease.

■ Plaintiff contends in her Brief in support of her renewed Motion to Show Cause "(A) that [i]n general, every Court with authority to issue orders has the power to enforce its decrees; (B) While the dignity of the Court continues to be a consideration, the objective of a civil contempt proceeding is to aid the complainant by compensating for non-compliance [with] judicial orders and/or coercing future compliance; (C) [W]hen a motion for a show cause order is properly brought, it may be error for a Court not to act on the merits of the motion; and (D) that movants have a legal right to have the opportunity to be heard." The Court is in full agreement with all of these contentions. Since plaintiff claims defendants have

---

[3] See Defendants' Memorandum in Opposition of Motion to Show Cause, from the penultimate paragraph on Page 2 to the second paragraph of Page 3 thereof.

[4] See Paragraph 2, Page 4, of Plaintiff's Renewed Motion for Order to Show Cause why defendants should not be held in contempt, dated May 6, 1988.

left the jurisdiction permanently, the Court does not see what is to be gained by issuing the Order to Show Cause. However, that remains to be seen. Plaintiff at the very least has the right to issuance of the Order. If defendants can be served, and what develops at the hearing, remain to be seen.

B. *Motion To Amend Complaint*

■ Since by our Judgment dated March 8, 1988, we dismissed Case No. 129/1988 on the grounds that it was sufficiently proven to the Court that that Forcible Entry and Detainer case contained issues to be litigated which made the case coram non judice as to the Court sitting in that limited jurisdiction, and following the teaching of 15 Fed. R. Civ. P. and the holdings of the Courts thereunder, we must grant Plaintiff's Motion to file an amended Complaint in Civil No. 128/1988, to incorporate all the allegations and prayers for relief which should be litigated to grant full relief to the parties before the Court in the consolidated actions.

## IV. CONCLUSION

The Order to Show Cause will be issued.
The Motion to Amend the Complaint is granted.