[No. 8445. Department One.—September 28, 1885.]

STUART S. WRIGHT, RESPONDENT, v. THE CENTRAL CALIFORNIA COLONY WATER COMPANY ET AL., APPELLANTS.

CORPORATION—ELECTION OF DIRECTORS—ACTION TO SET ASIDE—WHO MAY MAINTAIN.—A stockholder in a corporation may maintain an action to set aside an election of directors of the corporation, although at the time of the election no stock had stood in his name on the books of the corporation sufficiently long to entitle him to vote.

ID.—JURISDICTION.—The Superior Court has jurisdiction as a court of equity to inquire into the validity of such an election, and to set it aside if not made in conformity with law.

ID.—MANNER OF VOTING.—Every qualified stockholder present at an election has a right to vote at one time the number of shares owned by him for the whole number of directors to be elected, or to cumulate his shares upon one candidate, or to distribute them among as many candidates as he may see fit; and the corporation has no power to adopt any other mode of election.

APPEAL from a judgment of the Superior Court of the county of Fresno, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Campbell & Goss*, for Appellants.

*Stuart S. Wright*, and *W. Barry*, for Respondent.

McKEE, J.—This was a proceeding to set aside an election for seven directors of the Central California Colony Water Company, a corporation organized and existing under the laws of this State, having a capital stock of $30,000, divided into 192 shares of stock, of the par value of $156.25 each.

It is claimed that the petitioner was not qualified to inaugurate the proceeding to set aside the election, because he was not a *bona fide* stockholder, having stock in his own name on the stock books of the corporation, at least ten days prior to the election; and that the court did not find on that issue.

But there was no such issue joined in the case. The petitioner merely alleged that he was a *bona fide* stockholder at the commencement of the proceeding. Of this allegation there was a denial; and upon the issue raised by the denial, the court finds that the election for directors was held on the 21st of September, 1881, and that on the 20th of September, the day before the

election, "the petitioner became a *bona fide* stockholder in said corporation, and has ever since continued to be a stockholder therein, having stock in his own name upon the stock book of the corporation."

That being the fact, it may be conceded that the petitioner was not a qualified elector of the corporation, under section 312 of the Civil Code, which provides that a *bona fide* stockholder, having stock in his own name on the stock books of the corporation, at least ten days prior to the election, is the only person entitled to vote at a corporate election. But while the petitioner may have been disqualified from voting at the election, he was not disqualified from instituting proceedings to set aside the election, if it was voidable; for by the same section of the Code, "any absent or other stockholder" is authorized to institute such a proceeding. Therefore, as a stockholder of the corporation, the petitioner had legal capacity to institute the proceeding commenced on the 29th of September, 1881.

It is urged, however, that even if the petitioner had the capacity to sue, the proceeding was improperly commenced in the Superior Court, because section 312 of the Civil Code, upon which the proceeding is founded, only authorized the filing of a petition in the District Court to set aside a voidable election; and as, at the time of the commencement of the proceeding, there was no District Court, and no law which authorized the filing of such a petition in the Superior Court, the proceeding was improperly commenced in the Superior Court.

The Constitution of 1879 abolished the District Court, but at the same time it created the Superior Court, and conferred upon it the same equity jurisdiction which had been formerly conferred upon and was exercised by the District Court. Sitting as a court of equity, therefore, the Superior Court had jurisdiction to inquire into the validity of an election and to set it aside, if it had not been made in conformity to law, whether the statute conferred it or not. (*Brown* v. *Pacific M. S. Co.* 5 Blatchf. 525; *Walker* v. *Deveraux*, 4 Paige, 225; *Webb* v. *Ridgely*, 38 Md. 364.) The abolition of the District Court did not destroy or affect the right to invalidate a voidable election. The remedy still existed in favor of any one aggrieved, and was enforcible by him in any court of competent jurisdiction of the subject-matter.

It is next claimed that the election was valid, and that the court erred in holding it to be invalid.

According to the finding of the court, the election was called "pursuant to a notice, which was, in all respects, published according to law"; and at the proper time and place for holding the election, a majority of stockholders of the subscribed capital stock of the corporation met and organized and proceeded to elect seven directors. The records of the election show:—

"After some discussion the following motion was made and seconded: That the stockholders of the Central California Colony Water Company proceed to the election of officers of the said Central California Colony Water Company in the manner provided in the constitution of said company.

"Carried, sixty-two to ten."

And the court finds that the manner of conducting the election was this:—

"That prior to taking any vote in said election, the majority of said stockholders adopted a resolution to the following effect: That seven (7) ballots should be taken for directors; that each stockholder should vote on each of said ballots for one person and no more; and that the person receiving the majority of the votes cast on each ballot should be declared elected director for the ensuing year."

In this way seven separate ballots were taken in succession, and on each ballot the candidate receiving the highest number of the votes cast was declared a director, until seven directors were chosen.

A large number of stockholders present, including the petitioner, protested against the adoption of the resolution and the manner of conducting the election, and the court finds, as fact, that they "demanded to be allowed to cumulate their respective votes on one or more persons for directors, but that they were not permitted so to do, and were prevented from so doing by said resolution"; and as law, "that the election was not had in accordance with the provisions of article ii., chapter 1, part 4, of the Civil Code of the State of California, and that said election was and is illegal and void."

The decision is predicated upon the fact that the petitioner and

others as qualified voters at the election had the right, under the charter of the corporation, to cumulate their votes upon any one candidate, or distribute them upon two or more candidates; and that they were deprived of this right by the adoption of the resolution and by the manner of conducting the election.

Section 12 of article xii. of the Constitution of 1879 reads thus:—

"In all elections for directors or managers of corporations every stockholder shall have the right to vote, in person or by proxy, the number of shares of stock owned by him for as many persons as there are directors or managers to be elected, or to cumulate said shares and give one candidate as many votes as the number of directors multiplied by the number of his shares of stock shall equal, or to distribute them, on the same principle, among as many candidates as he shall think fit; and such directors or managers shall not be elected in any other manner, except that members of co-operative societies, formed for agricultural, mercantile, and manufacturing purposes, may vote on all questions affecting such societies in manner prescribed by law."

This section is understood to confer upon the individual stockholder, entitled to vote at an election, the right to cast all the votes which his stock represents, multiplied by the number of directors to be elected, for a single candidate, should he think proper to do so.   So that the petitioner, as the representative of a single share of stock, if qualified under the charter of the company to vote, was entitled to cast seven votes for any one of the candidates for the office of director, or to distribute them among any two or more candidates.   In that way a minority of the stockholders would be enabled to secure representation upon the board of directors by electing one or more of the directors. Such, doubtless, was the object of the provision; and the rule was considered of sufficient importance as to make it part of the organic law.

Under this rule a corporation holding an election for directors is bound to follow the constitutional mode.   It has no power, by resolution or otherwise, to adopt any other.   And when an election for directors has been properly called, each qualified stockholder present has the same right, in exercising his power

of voting for directors, to vote, at one time, the number of shares in his name, for the whole number of directors to be elected, or to cumulate his shares by voting for one candidate for director, as many votes as shall equal the number of his shares multiplied by the number of directors to be elected, or by distributing them, upon the same principle, among as many candidates for directors as he shall think fit.

We think the power thus conferred upon a corporate elector can only be exercised according to the constitutional provision by allowing him to cast his ballot singly, cumulatively, or distributively, *at one time*, for the election of directors. For if but one director at a time be balloted for, a majority of the stockholders could, by combining, cumulate their votes each time upon a single candidate and elect him; and by thus shaping and controlling the manner of the election, it would be in the power of the majority of the stockholders to virtually cancel the votes of the minority and deprive them of their rights to representation on the board of directors.

Judgment and order affirmed.

ROSS, J., and McKINSTRY, J., concurred.