[L. A. No. 542.    Department One.—September 14, 1899.]

H. C. WHITEHEAD et al., Respondents, v. H. P. SWEET et al., Appellants.

CORPORATIONS—ELECTION OF DIRECTORS—JURISDICTION OF EQUITY TO AVOID ELECTION.—In general, a court of equity has no inherent jurisdiction to review a corporate election, and oust the officers who claim to have been elected; but, in this state, under section 315 of the Civil Code, the superior courts have jurisdiction, as courts of equity, to inquire into the validity of the election of directors of a corporation, and to set it aside, if not in conformity with law.

ID.—PLEADING—SUFFICIENCY OF COMPLAINT—EQUITABLE RELIEF—GENERAL DEMURRER.—If the complaint to set aside the election of directors of a corporation states facts sufficient to entitle the plaintiffs to appropriate equitable relief from the superior court, sitting as a court of equity, a general demurrer to the complaint, for want of facts sufficient to constitute a cause of action, must be overruled.

ID.—ACTION BY STOCKHOLDERS—CONTROL OF CORPORATION—AVERMENT OF FACTS EXCUSING DEMAND.—Where the action to set aside the election of directors is brought by stockholders of the corporation, making the corporation, other stockholders, and the elected directors parties codefendant, if the complaint alleges that the business and affairs of the corporation are influenced

and controlled by one stockholder defendant, and that he controls the board of directors, and that it would be of no avail to make a demand upon the directors of the corporation to bring a suit to set aside their election, its averments are sufficient to excuse the necessity of making a demand upon the corporation to bring the action.

ID.—ILLEGALITY OF BOARD OF DIRECTORS—QUESTION FOR DETERMINATION BY COURT.—The fact that the complaint alleges that the board of directors was illegally elected, and that the defendants claiming to be directors are not such, does not affect the validity of the excuse alleged for not making a demand upon the corporation; and the question whether they are legal directors was not bound to be determined at the peril of the plaintiffs before bringing their suit; but they have a right to have that question determined by the court.

ID.—SUPPLEMENTAL COMPLAINT—SALE OF PLAINTIFFS' STOCK PENDENTE LITE—ABATEMENT—ILLEGAL ASSESSMENT.—A supplemental complaint alleging a sale of plaintiffs' stock *pendente lite* by the illegal board of directors defendants, under an invalid and illegal assessment levied for the benefit of the stockholder who controlled such directors, in pursuance of a contract between him and such directors to pay him a large sum of money for a patent right, does not disclose any matter in abatement of the action.

ID.—INEFFECTIVE SALE OF STOCK.—A sale of stock as delinquent. by a board of directors illegally elected, and under an invalid assessment made in violation of law, is ineffective to determine the relations of the stockholders to the corporation.

ID.—SETTING ASIDE CONTRACT WITH CORPORATION—INTEREST OF STOCKHOLDERS—RESULT OF VOID ELECTION.—Where one of the objects of the action was to have the contract made by the illegal board of directors for the purchase of the patent right set aside, to remedy a wrong done to the corporation, all of the stockholders, whether plaintiffs or defendants, are equally interested in the result of the action in that respect. If the election of the directors was illegal and void, the contract made by them was without authority and void, and must be set aside.

ID.—DEMURRER FOR AMBIGUITY—REFERENCE TO BOARD OF DIRECTORS.—Where it sufficiently appears from. the complaint as a whole that the defendants, who claimed to be the elected board of directors, were not the legal board and were not legally elected. the fact that, in some parts of the complaint, they are referred to as a board of directors, does not render the complaint liable to a demurrer for ambiguity.

ID.—EFFECT OF GENERAL ALLEGATION UPON AMBIGUITY.—A general allegation in the complaint, though not sufficient standing alone, may assist to make the complaint more certain in the particulars in which it is assailed for ambiguity or uncertainty; and, if enough appears to make the pleading easy of comprehension and free from reasonable doubt, a demurrer for ambiguity should be overruled.

ID.—MULTIFARIOUSNESS—SETTING ASIDE ELECTION AND ILLEGAL ACTS OF DIRECTORS—ENFORCING CONTRACT FOR IRREVOCABLE PROXY.—A complaint to set aside the election of the directors of a corporation as illegal, and to annul the illegal action of the directors, and an illegal contract made by them without authority, and also complaining of the violation of a contract made by the defendant controlling the election, with the stockholders of the corporation, to give to one of the plaintiffs, as trustee, for the benefit and protection of the corporation, a transfer of stock, with irrevocable proxy to vote it for the period of five years, is not multifarious.

ID.—COMPLETE RELIEF IN EQUITY.—Equity abhors a multiplicity of suits, and will not permit litigation by piecemeal. A court of equity will administer complete relief, and adjust the case in all of its branches, and determine the whole controversy; and will give effect to contracts legally made between the parties in interest, who with sufficient pleadings are before it.

ID.—BILL, WHEN AND WHEN NOT MULTIFARIOUS.—No fixed rule can be laid down by which to determine whether a bill in equity is or is not multifarious; but it is said to be multifarious when distinct and independent matters are joined therein. It is not multifarious when the matters set forth are properly connected, and no new parties are necessary, though all the parties do not have an interest in all of the matters in the suit, and though the plaintiffs are not entitled to a decree in their favor jointly or *in solido*, or equally against all of the defendants.

ID.—SUPERSEDING OF ORIGINAL COMPLAINT—FINDINGS.—An original complaint is superseded by an amended and supplemental complaint; and the findings need only refer to the complaint as amended and to the supplemental complaint.

APPEAL from a judgment of the Superior Court of Los Angeles County. M. T. Allen, Judge.

The facts are stated in the opinion.

Mulford & Pollard, for Appellants.

The bill is multifarious. (Code Civ. Proc., sec. 427; *Lewarne v. Mexican Int. Imp. Co.*, 38 Fed. Rep. 629; *Whitney v. Fairbanks*, 54 Fed. Rep. 985; *Tutwiler v. Tuscaloosa etc. Co.*, 89 Ala. 391; *Brown v. Bedford City etc. Co.*, 91 Va. 31; 2 Cook on Stock and Stockholders, sec. 739.) The supplemental complaint shows that the rights of the plaintiffs have abated by a sale of their stock for a delinquent assessment, which terminated their relation as stockholders. (*Small v. Herkimer Mfg. Co.*, 2 N. Y. 339, 346; *Mills v. Stewart*, 41 N. Y. 384; *St. Louis etc. Co. v. Sandoval etc.*

*Co.*, 116 Ill. 170; *Andover Turnpike Co. v. Gould*, 6 Mass. 40; 4 Am. Dec. 80; *Mechanics' Foundry etc. Co. v. Hall*, 121 Mass. 272; *Busey v. Hooper*, 35 Md. 15; 6 Am. Rep. 350.) Equity has no jurisdiction over the officers of corporation, and the only remedy for an illegal election is by *quo warranto*. (*Neall v. Hill*, 16 Cal. 149; 76 Am. Dec. 508; *San Jose Bank v. Sierra Lumber Co.*, 63 Cal. 179; Cook on Stock and Stockholders, secs. 615-713.)

James G. Garrison, Goodrich & Garrison, and Goodrich & McCutchen, for Respondents.

COOPER, C.—This is an appeal from the judgment and comes here on the judgment-roll. It is not claimed that the findings are not supported by the evidence, but it is sought by this appeal to review the order of the court overruling the defendants' demurrer to the amended complaint. As the court found all the allegations of the complaint to be true, it will be necessary to state the substance of the complaint in order to make clear the points urged on this appeal. It appears from the complaint in substance that the defendant, "Sweet's Metal Cross Tie Company," was at all times mentioned a corporation duly incorporated under the laws of California, and that the plaintiffs and the other defendants were at all times named stockholders of defendant corporation. That in December, 1893, for a valuable consideration, the defendant Sweet agreed with the stockholders of defendant corporation that he should not control a majority of the stock of said corporation, but that he would transfer to plaintiff Baldwin two thousand and fifty shares of the said capital stock, with proxy irrevocable, authorizing said Baldwin to vote the said stock for the benefit and protection of the corporation for five years from and after June 15, 1892. That at a special meeting, claimed to be a meeting of the stockholders of the corporation, held on the twenty-third day of April, 1894, without proper notice and contrary to the by-laws of the corporation (the defendants Sweet, Jeffery and Pollard and no other stockholders being present), there was a resolution illegally passed removing plaintiffs Whitehead, Carter, Mills and Marriner from the board of directors of said corporation and electing as directors the defendants Mulford, Pollard, McKoon, Jef-

fery, and Green. That on the nineteenth day of June, 1894, at what was claimed to be an annual meeting of the stockholders of the corporation, but held illegally, without sufficient or proper notice, and contrary to the by-laws of the corporation (the defendants Sweet, Mulford, Pollard, Jeffery, and no other stockholders being present), the defendants Sweet, Pollard, Mulford, Green, and Jeffery and two of the plaintiffs, Chamberlain and Hunt, were illegally declared to be the directors of said corporation. That after said last-named meeting the defendants Sweet, Pollard, Jeffery, and Green were elected by the so-called board of directors respectively president, vice-president, secretary, and treasurer of the said corporation, and the defendants Mulford and Pollard were appointed attorneys for said corporation. That a majority of the so-called board of directors, to wit, Pollard, Green, McKoon, and Jeffery, are under the control of defendant Sweet, who is one of the so-called directors and president of said corporation. That on the twentieth day of August, 1894, at a meeting of the board of directors so illegally elected, at which were present defendants Pollard, Sweet, Green, and Jeffery and none others, and at the instance of defendant Sweet, the said defendants so present at last-named meeting entered into a contract, as the contract of defendant corporation and under its seal, with defendant Sweet and for his benefit, under and by the terms of which the said corporation was bound to pay said defendant Sweet sixteen thousand dollars for a certain patent known as "Sweet's metal cross tie," and for other covenants to be performed by said defendant Sweet. That at a special meeting of the said directors held illegally and without notice on the twenty-ninth day of January, 1895, at which were present defendants Green, Pollard, Jeffery and Mulford and none others, an assessment of four dollars per share on the capital stock of said corporation was illegally levied, and at the time of filing the complaint the stock of said corporation and of plaintiffs was being advertised as delinquent and for sale under the said illegal assessment. That the said illegal assessment of four dollars per share was made for the benefit of defendant Sweet, and for the purpose of paying him the said sixteen thousand dollars for his said patent as provided in the said illegal contract. That the defendant corporation is practically free of

debt, and that, except for the said illegal contract with defend-
ant Sweet, there would be no necessity for the said assessment
of four dollars per share on said stock, and that the threatened
sale of the said stock and the said contract so made with de-
fendant Sweet will result in great loss and irreparable injury
to the plaintiffs and to defendant corporation.

By a supplemental complaint filed before the trial it appears
that the capital stock of the plaintiff had been sold under said
illegal assessment and without proper notice. The demurrer
to the amended complaint is upon the ground that the same
does not state facts sufficient to constitute a cause of action, that
there is a misjoinder of causes of action in several respects, and
that the complaint is ambiguous and uncertain in some particu-
lars. It is urged that there is no jurisdiction in a court of equity
to remove corporate officers. It is true that in general a court of
equity has no inherent power or jurisdiction to entertain a bill
for the purpose of reviewing a corporate election and ousting the
parties who claim to have been elected. It was not part of the
original jurisdiction of chancery, and in most of the states of
the Union such jurisdiction does not exist. But in order to
avoid the delays and difficulties attending the old remedy of *quo
warranto,* statutes have been enacted in many of the states which
give courts of equity the power to review corporate elections,
and among such states is our own. Our code (Civ. Code, sec.
315), reads as follows:

"Upon the application of any person or body corporate ag-
grieved by any election held by any corporate body, the district
court of the district in which such election is held must proceed
forthwith to hear the allegations and proofs of the parties, or
otherwise inquire into the matters of complaint, and thereupon
confirm the election, order a new one, or direct such other
relief in the premises as accords with right and justice. Upon
filing the petition, and before any further proceedings are had
under this section, five days' notice of the hearing must be given,
under the direction of the court or the judge thereof, to the ad-
verse party or those to be affected thereby."

Under the above section it was held in *Wright v. Central Cal.
etc. Co.,* 67 Cal. 532, that our superior courts have jurisdiction
as courts of equity to inquire into the validity of a corporate

election and to set it aside if not in conformity with law. In the opinion it is said: "The constitution of 1879 abolished the district court, but at the same time it created the superior court and conferred upon it the same equity jurisdiction which had been formerly conferred upon and was exercised by the district court. Sitting as a court of equity, therefore, the superior court had jurisdiction to inquire into the validity of an election, and to set it aside if it had not been made in conformity to law, whether the statute conferred it or not."

The same rule has been laid down in other states having statutes similar in some respects to our own. (*In the Matter of St. Lawrence Steamboat Co.*, 44 N. J. L. 529; *Ex parte Holmes*, 5 Cow. 426; *Schoharie Valley R. R. case*, 12 Abb. Pr., N. S., 394; *People v. Albany etc. R. R. Co.*, 55 Barb. 346.)

Under our code there is but one form of action, and if the complaint states facts which entitle the plaintiff to relief, either legal or equitable, it is not demurrable upon the ground that it does not state facts sufficient to constitute a cause of action. If the facts are such as address themselves to the equity side of the court, the appropriate relief will be granted by the court sitting as a court of equity. (*While v. Lyons*, 42 Cal. 279; *Watson v. Sutro*, 86 Cal. 528.)

It is said that the complaint does not state facts sufficient to constitute a cause of action because it was the duty of defendant corporation to bring the action, and, if it would not do so upon request, then it becomes necessary for the complaint to show that plaintiffs made a proper demand upon the corporation to bring the action. The complaint alleges that the business and affairs of said corporation are influenced and controlled by defendant Sweet, that said Sweet controls the board of directors, and that for this reason it would be of no avail to make a demand upon the defendant directors to bring such suit. Under the authorities, this was sufficient to excuse the necessity of alleging a demand. (2 Cook on Stock and Stockholders, sec. 741; *Wickersham v. Crittenden*, 93 Cal. 33; 106 Cal. 331; *Ashton v. Dashaway, Assn.*, 84 Cal. 70.)

It is said the complaint alleges that defendants are not the board of directors, and that it does not avail to allege the reasons why demand was not made upon them, as the theory of

the complaint is that their election was illegal, and, if so, they are not directors. The complaint alleges that the directors are influenced and controlled by defendant Sweet, without naming them, but, if it did name them as the parties claiming to be directors, we think it would be sufficient. One of the questions, and the main question, to be determined is, whether or not the defendants other than the corporation are the legal directors of the corporation, and the plaintiffs would not be required at their peril to determine that question before bringing suit. They have the right to have that question determined by the courts.

Several pages of appellants' brief are devoted to the argument that the suit should abate, by reason of the allegations of the supplemental complaint setting forth that the board of directors have caused the plaintiffs' stock to be sold since the commencement of the suit, and that therefore the plaintiffs have no further interest in the litigation. There would be some force in this argument if the sale were made by proper authority and were in all respects regular, but the sale is alleged to be void by reason of illegality of the assessment and by reason of it having been made by a board of directors who were not such in law. A sale of stock by a board of directors illegally elected, and under an invalid assessment made in violation of law, would not determine the relations of the stockholders to the corporation. The supplemental complaint alleges that the sale was made under a void and illegal assessment. The amended complaint shows that the assessment was illegal and made by a board illegally claiming to be such. Another answer to the contention is, that one of the objects of the action is to have the sixteen thousand dollar contract with the defendant Sweet set aside, and after the action is brought to remedy a wrong done to the corporation; all the stockholders, whether plaintiffs or defendants, are equally interested in the result of the suit. (Cook on Stock and Stockholders, sec. 737.)

The complaint is not ambiguous nor uncertain in the respects claimed by appellants. Although in some paragraphs of the complaint the defendants (other than the corporation) are referred to as the board of directors, it sufficiently appears all through the complaint that the claim is made that they are not the legal board and that their election was illegal. When a

pleading is attacked as being ambiguous or uncertain, the rule
is that a general allegation, although it would not have been
sufficient standing alone, may nevertheless assist to make the
complaint more certain in the particulars named. (*Hutchinson
v. McNally*, 85 Cal. 619.) If enough appears to make the plead-
ing easy of comprehension and free from reasonable doubt, a
demurrer on the ground of ambiguity should be overruled. (*Sal-
mon v. Wilson*, 41 Cal. 595.)

It is urged that there is a misjoinder of causes of action and
that the complaint is multifarious in several respects. The
principal argument of appellants on this ground is, that the sale
of the stock under the alleged illegal assessment is a matter in-
dividual to each of the plaintiffs, and a matter in which the cor-
poration has no interest, and that the revocation of the proxy
given by Sweet to Baldwin in no way concerns the corporation.
We do not think the complaint is obnoxious to the objections
made in these respects.

The gist of the action being to declare the election of the
board of directors void and illegal, this being established, it
follows that the acts by which the assessment was levied, the
attempted sale of stock of plaintiffs, and the contract made with
the defendant Sweet, August 20, 1894, were all done without au-
thority and void. The agreement of defendant Sweet with the
stockholders of the corporation to transfer to plaintiff Baldwin
two thousand and fifty shares of the capital stock, with irrevoc-
able proxy for five years, for the benefit and protection of the
corporation, having been violated, its violation might properly
be adjudicated in this suit. A court of equity having acquired
jurisdiction would administer complete relief and adjust the
case in all its branches. A court of equity abhors a multiplicity
of suits. No fixed rule can be laid down by which to determine
whether a given bill in equity is or is not subject to the objection
of multifariousness. It may be that, for the purpose of prevent-
ing a multiplicity of suits, a court of equity will retain a bill
against several defendants, although there be no privity of in-
terest between them, and although each may stand in different
relations to the complainant from the others. (Thompson on
Corporations, sec. 3527.) Chancellor Kent sustained a bill the
object of which was to set aside fraudulent conveyances of cor-

porate property, as well as to coerce payment of defaulting stockholders. (*Brinkerhoff v. Brown*, 6 Johns. Ch. 139.) Where a court of equity has once obtained jurisdiction it will decide the whole case. It will not permit litigation by piecemeal, but will determine the whole controversy so as to prevent further litigation. (*Watson v. Sutro, supra.*)

Where all the parties in interest are, with sufficient pleadings, before a court of equity, it can and will take hold of the entire case and give effect to their contracts legally made. (*Cross v. Zellerbach*, 63 Cal. 643.)

It was said in *Wickersham v. Crittenden*, 93 Cal. 32, in discussing a demurrer to the complaint in equity: "It is no objection to the complaint that the relief sought is not single. It is often necessary, in order that the plaintiff may obtain full justice, that the relief granted him be as varied and diversified as the means that have been employed by the defendant to produce the grievance complained of. If a trustee is shown to have been unfaithful, the court may not only compel restitution, but may also restrain him by injunction from similar acts, or, if deemed necessary, may remove him from his trust. If he has called to his aid other confederates, they also may be enjoined from further participation in the acts which infringe upon the rights of the plaintiff. A court of equity will always find the means of enforcing its decrees against a delinquent defendant, and its power in this respect is as extensive as the exigencies of the case."

On well-understood principles of equity pleading, a bill is not multifarious because the plaintiffs are not entitled to a decree in their favor jointly or *in solido*. It is sufficient if they are injured in a similar way, that they have common grievances to redress, and that they are entitled to relief of the same kind. (4 Thompson on Corporations, sec. 4602.)

Applying the principles above laid down to this case, the complaint does not contain actions improperly joined. It tells one continued story, and alleges wrongs willfully perpetrated by the defendants, and the way in which they were perpetrated. No third parties appear in any way to be involved. If defendant Sweet agreed for the benefit of the corporation to transfer his stock with proxy irrevocable, and has violated his contract,

why should he not now and in this action be compelled to perform it? A bill in equity is said to be multifarious when distinct and independent matters are joined therein. If the subject matter in the main relates to one transaction around which the others cluster, and each party has an interest in some matters in the suit, and they are connected, even though all the parties do not have an interest in all the matters in the suit, the bill is not multifarious. (Story's Equity Pleading, secs. 271, 271a; *Wilson v. Castro*, 31. Cal. 429.)

The findings refer to the complaint as amended and to the supplemental complaint. The original complaint was superseded by the amended and supplemental complaint.

We think the judgment should be affirmed, and so advise.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.    Garoutte, J., Van Dyke, J., Harrison, J.