## Commonwealth, ex rel. Brant, v. Garrett Water Co. et al.

*Uhl, Ealy & Uhl*, for relator.
*H. G. Gress*, for defendants.

BOOSE, P. J., March 27, 1941.—. . . The present controversy arose out of an effort on the part of certain stockholders of the Garrett Water Company, in person and by proxy, to cast cumulative votes at an election for directors of the corporation held on January 7, 1941. The facts are not in dispute; and the stipulation sets forth the number of votes cast for the relator cumulatively, and for the other candidates for the offices of five directors. It is not necessary to go into further particulars regarding the facts than to say that the stipulation sets forth such a state of facts. that if the votes cast cumulatively are to be counted relator should have been declared elected; if those votes were properly rejected, then respondents, who were declared elected at the meeting, have a good title to their offices.

Admittedly, the Garrett Water Company is a corporation created, organized and existing under the Act of April 29, 1874, P. L. 73, and its supplements. Under the facts agreed upon, the single question here involved is whether its stockholders have the right of cumulative voting, and whether they can be deprived of this right by a corporate bylaw prohibiting cumulative voting? By cumulative voting is meant that each member or stockholder casts as many votes for directors as equal the number of votes he has or shares he owns multiplied by the number of directors to be chosen. In other words, where cumulative voting is permissible, if a stockholder owns one share of stock or has one vote or is entitled to one vote for each of five directors, by virtue thereof, he may give one vote to each of said five directors, or five votes for any one thereof, or a less number of votes for any less number of directors, whatever may be the actual number to be elected, and in this manner distribute or cumulate his votes as he may see fit. Article XVI, sec. 4, of the Constitution of 1874, authorizing cumulative voting in all elections for directors, reads:

"In all elections for directors or managers of a corporation each member or shareholder may cast the whole number of his votes for one candidate, or distribute them upon two or more candidates, as he may prefer."

This constitutional provision is not merely directory and does not require legislation to give it effect; the right to cumulative voting is unrestrained by any condition: Pierce v. Commonwealth, 104 Pa. 150. The Act of April 25, 1876, P. L. 47, supplementing the Act of April 29, 1874, P. L. 73, as amended by the Act of March 29, 1927, P. L. 70, expressly authorizes cumulative voting in accordance with the constitutional provision, reading in part, as follows: ". . . in all elections for directors, . . . of any corporation created under the provisions of this statute, or accepting its provisions, each member or stockholder or other person having a right to vote, may

cast the whole number of his votes for one candidate, or distribute them upon two or more candidates as he may prefer. . ." Said act, so far as it relates to business corporations, has been expressly repealed by the Business Corporation Law of May 5, 1933, P. L. 364, which as amended by the Act of July 2, 1937, P. L. 2828, has no relation, inter alia, to "Any corporation which, by the laws of this Commonwealth, is subject to the supervision of . . . the Pennsylvania Public Utility Commission," such as the Garrett Water Company. The conclusion necessarily follows that the stockholders of said corporation do have the constitutional and statutory right of cumulative voting. It remains to inquire whether they can be deprived of this right by a corporate bylaw prohibiting cumulative voting. The Act of May 14, 1891, P. L. 61, amending the Corporation Act of 1874, provides that the bylaws of every corporation organized under the Act of 1874 shall constitute its law, subordinate to the Constitution and laws of this State. A bylaw is illegal and void which restricts or alters the voting power of stock as established by law or its charter: Lutz v. Webster, 249 Pa. 226; Com. ex rel. Gallagher et al. v. Knorr et al., 21 Dist. R. 784. Every qualified stockholder has a right to vote at one time the number of shares owned by him for the whole number of directors to be elected, or to cumulate his shares upon one candidate, or to distribute them among as many candidates as he may see fit; and the corporation itself has no power to change this mode of voting: Wright v. Central California Colony Water Co. et al., 67 Cal. 532, 8 Pac. 70; Thompson on Corporations (3rd ed.) vol. 2, p. 401, sec. 1011; Procter Coal Co. v. Finley, etc., 98 Ky. 405, 33 S. W. 188. The bylaw of the Garrett Water Company prohibiting its stockholders from exercising the right and privilege of cumulative voting is in contravention of, and repugnant to, the Constitution and the statute, and is, therefore, illegal, null and void.

The enforcement of said bylaw illegally deprived relator of his election as a director of said corporation. The

five respondents who were declared to be elected to the office of director each received the same number of votes, and it is impossible to determine in this proceeding which four out of the five declared to have been elected should hold said office. Under the circumstances, all that the court can do is to declare said election illegal, enter judgment of ouster against said respondent directors, and order a new election. . . .