[Civ. No. 52772. Second Dist., Div. One. Dec. 27, 1978.]

FRANCHISE TAX BOARD, Plaintiff and Appellant, v.
FIRESTONE TIRE & RUBBER COMPANY,
Defendant and Respondent.

880

**COUNSEL**

Evelle J. Younger, Attorney General, Ernest P. Goodman, Assistant Attorney General, Neal J. Gobar and Charles C. Kobayashi, Deputy Attorneys General, for Plaintiff and Appellant.

Iverson, Yoakum, Papiano & Hatch, Neil Papiano, Dennis A. Page and M. Glenn Gilbert for Defendant and Respondent.

**OPINION**

**LILLIE, Acting P. J.**—Franchise Tax Board filed petition for order requiring Firestone Tire & Rubber Company to cooperate in an audit investigation for the period November 1, 1963, through October 31, 1974.[1] The board appeals from judgment dismissing the action entered after Firestone's demurrer was sustained without leave to amend. (Code Civ. Proc., § 581, subd. 3, § 581d.)

PETITION

The board is a state agency authorized to administer the Bank and Corporation Tax Law (Rev. & Tax. Code, § 23001 et seq.) by means including the making of audit examinations and investigations of taxpayers subject thereto. Firestone is a corporation organized and existing under the laws of Ohio with its principal place of business in that

---

[1]The petition was filed in the Superior Court of Sacramento County. By order of the court the cause was transferred to the Superior Court of Los Angeles County.

state. Commencing before November 1, 1959, and at all times since, Firestone has conducted both intrastate and interstate business in California, and has derived income from sources within and without California which is subject to taxation under the Bank and Corporation Tax Law. At all such times, Firestone and its subsidiaries (companies of which Firestone owns more than 50 percent) have engaged in the manufacture, purchase and sale of rubber and rubber products throughout the world. Commencing before November 1, 1959, and at all times since, Firestone has engaged in a unitary business with its subsidiaries within and without California. Firestone thereby has earned income part of which should be apportioned to California, and has incurred tax liability to that state for each income year commencing November 1, 1959. Firestone has filed California bank and corporation tax returns for each of such years showing that it engaged in a unitary business with five of its subsidiaries which actively conduct business in California. With respect to the income years from November 1, 1959, through October 31, 1963, substantial disputes have arisen between Firestone and the board regarding Firestone's bank and corporate tax liability. Firestone filed against the board an action for refund of taxes paid by Firestone for those years. In that action, Firestone contends that it is engaged in a unitary business with only five of its numerous subsidiaries, as required in its tax returns. The board contends that during each of the income years covered by the action, the rubber business of all Firestone subsidiaries was unitary, and thus includible in the formula to apportion a part of Firestone's income to California.

In 1973, at the request of Firestone, the board deferred an audit examination of Firestone for its income years beginning November 1, 1963, in consideration of which Firestone by express agreement would "consent and agree to cooperate in an audit which will begin about September 15, 1975 . . . ." Said agreement was entered into on July 5, 1973. In the fall of 1975, the board asked Firestone to cooperate in arranging a time for commencement of an audit for the income years after October 31, 1963. Firestone refused to cooperate in such an audit because its pending refund action "conceivably might relate to later years," and the audit "would permit discovery through extra-judicial means of matters which could not be discovered through the normal litigation process." Firestone's refusal to cooperate constitutes a breach of the agreement of July 5, 1973, which the board has fully performed. Such refusal also unlawfully interferes with the board's "statutory right and duty" to administer the Bank and Corporation Tax Law by making audit

examinations and investigations in order to discover the facts necessary to determine Firestone's tax liability. Firestone's annual reports "and other information" suggest that it may have engaged in a unitary business with some or all of its subsidiaries which was not reported in its California tax returns for some of the income years after October 31, 1963.

It is necessary that the board make an audit examination and investigation of Firestone without further delay for the following reasons: (1) The board has a statutory duty to administer the Bank and Corporation Tax Law, and to make audit examinations and investigations, in order to ascertain whether Firestone, during the income years after October 31, 1963, engaged in a unitary business with its subsidiaries which it did not include in its returns, and to determine whether it is necessary to redistribute or reallocate income or deductions among Firestone and its subsidiaries to reflect income or prevent evasion of taxes (Rev. & Tax. Code, § 24725). (2) Only by examination of Firestone's business records and its employees may the board properly determine the unitary or nonunitary nature of Firestone's business, and hence determine whether redistribution or reallocation of income or deductions is necessary. (3) In Firestone's pending action for refunds for the income years November 1, 1959, through October 31, 1963, Firestone has refused to give information regarding its activities for any years except those involved in that action. (4) Delay in permitting the board to make a complete audit examination and investigation will impair the board's ability to determine Firestone's actual tax liability.

The board has no plain, speedy or adequate remedy other than an order of the court requiring Firestone to permit the board to proceed with an audit by examination of Firestone's books, records, employees and agents.

The board prayed for an order that Firestone (1) make available to it for audit examination and investigation all of Firestone's books, records and documents pertaining to its business operations and those of its subsidiaries during the income years November 1, 1963, through October 31, 1974, and (2) make available to it for examination Firestone's employees who have any knowledge of such operations.

## DEMURRER

Firestone demurred to the petition and, in the alternative, moved to dismiss, on the following grounds: (1) The court has no jurisdiction of

the subject of the proceeding because no statutory authority exists for the commencement of such proceeding; (2) there is another action pending between the same parties on the same cause of action; and (3) the petition does not state facts sufficient to constitute a cause of action. (Code Civ. Proc., § 430.10, subds. (a), (c), (e).) The court sustained the demurrer without leave to amend on the ground that it "has no statutory authority to entertain this proceeding."[2]

The demurrer was improperly sustained on the ground stated. Code of Civil Procedure section 430.10, subdivision (a), lists as a ground of demurrer that "[t]he court has no jurisdiction of the subject of the cause of action alleged in the pleading." The instant proceeding is one in equity for a mandatory injunction, i.e., an order compelling affirmative action on the part of Firestone. (See *Feinberg* v. *One Doe Co.* (1939) 14 Cal.2d 24, 27 [92 P.2d 640]; *Paramount Pictures Corp.* v. *Davis* (1964) 228 Cal.App.2d 827, 835-836 [39 Cal.Rptr. 791].) The superior court has jurisdiction in such a proceeding (Cal. Const., art. VI, § 10; Code Civ. Proc., § 86), and therefore has jurisdiction of the subject of the cause of action alleged in the petition.

■ We recognize that it is the validity of the court's action in sustaining the demurrer which is reviewable and not the court's statement of reasons for its action (*Weinstock* v. *Eissler* (1964) 224 Cal.App.2d 212, 225 [36 Cal.Rptr. 537]), and that the order sustaining the demurrer must be upheld if the demurrer is sustainable on any of the grounds upon which it was based (*Williams* v. *State of California* (1976) 62 Cal.App.3d 960, 966 [133 Cal.Rptr. 539]). As will appear below, the demurrer herein is not sustainable on either of the two remaining grounds upon which it was based (pendency of another action between the same parties on the same cause of action, and failure to state facts sufficient to constitute a cause of action).

■ A demurrer may be sustained on the ground that another action is pending only when the complaint shows on its face that the cause of action and the issues in the two actions are substantially the same and that the parties are identical; it must also appear that the parties in both actions stand in the same relative position as plaintiff and defendant. (*Lord* v. *Garland* (1946) 27 Cal.2d 840, 848 [168 P.2d 5]; *Colvig* v. *RKO*

---

[2]The court placed off calendar, as moot, Firestone's motion to dismiss and its cross-petition for an order protecting it from any attempt by the board to commence an audit for the income years 1964 through 1974.

*General, Inc.* (1965) 232 Cal.App.2d 56, 70-71 [42 Cal.Rptr. 473]; *National Auto. Ins. Co.* v. *Winter* (1943) 58 Cal.App.2d 11, 16 [136 P.2d 22].) These criteria are not met in the present action inasmuch as the petition herein shows that the prior action was commenced by Firestone against the board for a refund of taxes paid by Firestone for the income years through October 31, 1963, whereas the present action was commenced by the board against Firestone to compel its cooperation in an audit examination of Firestone's books, records and documents for the income years November 1, 1963, through October 31, 1974. In any event, even where a demurrer is properly sustained on the ground of another action pending, the proper order is one abating further proceedings pending termination of the prior action, not an order of dismissal. (*Childs* v. *Eltinge* (1973) 29 Cal.App.3d 843, 848 [105 Cal.Rptr. 864].)

■ A cause of action is the right to relief in court. (*Klopstock* v. *Superior Court* (1941) 17 Cal.2d 13, 18 [108 P.2d 906, 135 A.L.R. 318].) As the source of its right to relief herein, the board relies on Revenue and Taxation Code section 26423.[3] Firestone contends that under this statute the board may examine the books and records of a corporate taxpayer, and question its employees, only by the issuance and enforcement of subpoenas and subpoenas duces tecum; therefore, no action lies to achieve the same result by means of a judgment ordering a corporate taxpayer, such as Firestone, to make its books, records and employees available to the board for examination. This argument overlooks the fact that section 26423 gives the board, in addition to and coequal with the power to issue subpoenas, the power to examine corporate books and records, and to question corporate employees. The petition alleges, in effect, that Firestone has interfered with the board's exercise of such power. Accordingly, the petition states a cause of action for a prohibitory injunction to restrain Firestone from interfering with the board's exercise of the power, granted by section 26423, to examine books and records of Firestone and to question its employees.

---

[3]Section 26423 provides: "The Franchise Tax Board, for the purposes of administering its duties under this part [part 11, Bank and Corporation Tax Law], shall have the power to examine any books, papers, records, or memoranda, relative to a return or statement required under this part. The Franchise Tax Board may also require the attendance of any person having knowledge in the premises and may take testimony and require material proof for its information and administer oaths to carry out the provisions of this part. The Franchise Tax Board may issue subpoenas or subpoenas duces tecum, which subpoenas must be signed by any member of the Franchise Tax Board and may be served on any person for any purpose."

The board seeks a mandatory injunction ordering Firestone to make available to it for examination all of Firestone's books, records and documents pertaining to its business operations for the income years November 1, 1963, through October 31, 1974, and to make available to it for examination Firestone's employees having any knowledge of such operations. The board is not entitled to such relief under section 26423. ■ However, "[a]ll that is necessary as against a general demurrer is that, upon a consideration of all the facts stated, it appears the plaintiff is entitled to *any* relief at the hands of the court against the defendant, notwithstanding the facts may not be clearly stated, or may be intermingled with a statement of other facts irrelevant to the cause of action shown or *although the plaintiff may demand relief to which he is not entitled under the facts alleged.*" (*Colvig* v. *RKO General, Inc., supra,* 232 Cal.App.2d 56, 66.) (Italics added.)

The judgment (order of dismissal) is reversed. The trial court is directed to permit the board to amend the prayer of the petition to request a prohibitory injunction restraining Firestone from interfering with the board's exercise of its power to examine Firestone's books and records and to question its employees.

Thompson, J., and Hanson, J., concurred.

A petition for a rehearing was denied January 22, 1979.