[Civ. No. 64782. Second Dist., Div. Two. Oct. 20, 1982.]

ROBERT SHAHIN, Plaintiff and Appellant, v.
JAMES WAWRO et al., Defendants and Respondents.

COUNSEL

John H. Wolf for Plaintiff and Appellant.

Ellner, Prager, Schneck & Stone and Marvin Prager for Defendants and Respondents.

OPINION

**ROTH, P. J.**—Appellant Robert Shahin (Shahin) and respondent James Wawro (Wawro) were, from January 1974, until January 1981, engaged jointly in the practice of law by means of a law corporation, Shahin & Wawro, in which each was a director, a 50 percent shareholder and an employee. During the latter month Wawro informed Shahin Wawro would as of February 1, 1981, no longer be employed by the corporation, but would instead become a partner in another law firm.

Pursuant to that decision Wawro, on January 29, 1981, filed with the Secretary of State a certificate of election to wind up and dissolve Shahin & Wawro. (See Corp. Code, § 1900.) Thereafter, on February 13, 1981, he likewise filed his petition In re the Matter of Shahin & Wawro, whereby he sought judicial supervision of the dissolution by the superior court, agreeably with Corporations Code section 1904.[1]

---

[1]Section 1904: "If a corporation is in the process of voluntary winding up, the superior court of the proper county, upon the petition of (a) the corporation, or (b) a shareholder or shareholders who hold shares representing 5 percent or more of the total number of any class of outstanding shares, or (c) any shareholder or shareholders of a close corporation, or (d) three or more creditors, and upon such notice to the corporation and to other persons interested in the corporation as shareholders and creditors as the court may order, may take jurisdiction over such voluntary winding up proceeding if that appears necessary for the protection of any parties in interest. The court, if it assumes jurisdiction, may make such

Shahin in the meanwhile and on February 5, 1981, on the basis of agreements of the parties extinguished Wawro's voting rights as of the date of his termination of employment with Shahin & Wawro, left Shahin the only shareholder entitled to vote, and otherwise permitted the actions, purported, inter alia, to (a) elect himself the sole member of the corporation's board of directors, (b) remove Wawro from the board, (c) redeem and retire Wawro's stock and (d) cause the corporation to file with the Secretary of State a certificate revoking the election to dissolve. He then on March 19, 1981, filed his complaint pursuant to Corporations Code section 709[2] seeking to validate the foregoing actions and to compel through specific performance the sale to him of Wawro's shares of stock in Shahin & Wawro.[3]

Wawro demurred on the dual grounds no cause of action had been stated and that another action, i.e., his dissolution proceeding, was pending. Following hearing, the trial court sustained the demurrer on both grounds

orders as to any and all matters concerning the winding up of the affairs of the corporation and for the protection of its shareholders and creditors as justice and equity may require. The provisions of Chapter 18 (commencing with Section 1800) (excepting Sections 1800 and 1801) shall apply to such court proceedings.''

[2]Section 709: ''(a) Upon the filing of an action therefor by any shareholder or by any person who claims to have been denied the right to vote, the superior court of the proper county shall try and determine the validity of any election or appointment of any director . . . . [¶] (b) Upon the filing of the complaint, and before any further proceedings are had, the court shall enter an order fixing a date for the hearing, which shall be within five days unless for good cause shown a later date is fixed . . . . [¶] (c) The court may determine the person entitled to the office of director or may order a new election to be held or appointment to be made, may determine the validity, effectiveness and construction of voting agreements and voting trusts, the validity of the issuance of shares and the right of persons to vote and may direct each other relief as may be just and proper.''

[3]In this regard Shahin's complaint alleged:

''4. Section 6.07 of the S&W Bylaws provides that the shares of the cororation may only be held by an employee of the corporation. Section 6.08 of those Bylaws provides that the shares owned by a person who ceases to be an eligible shareholder shall be sold and transferred to the corporation or its shareholders within 90 days after that person becomes ineligible to own shares in S&W. The Bylaws are attached and marked as Exhibit 'A' to this Complaint.

''5. On or about March 15, 1975, Plaintiff and Defendants Wawro and S&W executed a 'Buy-Sell and Stock Redemption Agreement.' By that Agreement, Wawro promised to tender his shares to S&W and Plaintiff in the event that Wawro's employment by S&W terminated for any reason. The Buy-Sell and Stock Redemption Agreement is attached and marked as Exhibit 'B' to this Complaint.

''6. Wawro terminated employment with S&W on January 31, 1981. Wawro has not tendered his shares to S&W or to Plaintiff.

''7. Wawro's share certificate from S&W contained a notice of eligibility requirements and the existence of a Buy-Sell and Stock Redemption Agreement.

''8. In addition, Wawro's share certificate from S&W contained the following agreement, legend and notice: '[S]hareholder shall have no voting or other rights from and after the date of . . . termination of eligibility, except the right to receive payment for such shares in accordance with the Agreement of Sale.' ''

without leave to amend and dismissed Shahin's suit. This appeal followed.[4] For the reasons hereinafter set out, we reverse.

The questions central to our determination, it seems clear, are threefold, namely:

1. Were the actions of Shahin which led to revocation of the election to dissolve the corporation properly subject to scrutiny under the provisions of Corporations Code section 709?

2. If so, was it appropriate for Shahin, pursuant to that section, to seek as "ancillary relief" specific performance of the alleged agreement for sale to him of Wawro's shares? (See fns. 3, 4.)

3. Did the pendency of Wawro's petition for dissolution serve to abate Shahin's suit?

When Shahin undertook to elect himself the sole member of the corporation's board of directors, ousting Wawro from his directorship in the process, we have no doubt he could also seek to have that action validated through recourse to the procedure contemplated by Corporations Code section 709 (see fn. 2), since that section exists "in order that courts might have power to proceed in a summary manner to test the title of directors to office without recourse to the slow and cumbersome proceeding of quo warranto," and is available to one seeking to uphold as well as to challenge the election. (*Boericke* v. *Weise* (1945) 68 Cal.App.2d 407, 411-412 [156 P.2d 781]; see also *Lawrence* v. *I. N. Parlier Estate Co.* (1940) 15 Cal.2d 220, 227 [100 P.2d 765]; *Braude* v. *Havenner* (1974) 38 Cal.App.3d 526, 530 [113 Cal.Rptr. 386]; *Columbia Engineering Co.* v. *Joiner* (1965) 231 Cal.App.2d 837 [42 Cal.Rptr. 241]; cf. *American Center for Education, Inc.* v. *Cavnar* (1972) 26 Cal.App.3d 26, 35-36 [102 Cal.Rptr. 575].)

---

[4]Shahin's claims respecting specific performance, which constituted his second and third causes of action, were grounded respectively on the alleged buy-sell agreement and on the legend appearing on Wawro's share certificate.

Wawro demurred only to the first cause of action, i.e., that which pertained to Shahin's election. The trial court's minute order specified that: "Matter comes on for hearing with both parties present. Cause is argued and the court rules as follows: Demurrer is sustained without leave to amend as to the first cause of action pursuant to Section 430.10(e) of the Code of Civil Procedure, no cause of action stated, and, there is another action pending, Code of Civil Procedure Section 430.10(c). [¶] The Court strikes the second and third causes of action on its own motion. (Not properly concerned with Corporation Code Section 709). [¶] These positions may be raised by pleadings in the companion action 'In the Matter of Shahin & Wawro, etc., C 355799.'"

■ Such being the case, the further question is whether the issue of Wawro's obligation to sell his shares to Shahin was cognizable in the same proceeding. We think not. ■ Thus, while it is declared that suits brought pursuant to the section are equitable in nature, so that a court of equity, having acquired jurisdiction, will decide the entire matter and will "administer complete relief [to] adjust the case in all its branches in order to prevent multiplicity of actions" (*Boericke* v. *Weise, supra,* 68 Cal.App.2d 407, 411, quoting from *Whitehead* v. *Sweet* (1899) 126 Cal. 67, 75 [58 P. 376]), what is meant by the pronouncement is not that whatever is somehow associated with the transaction is subject to simultaneous adjudication in the suit, but only that all matters "bearing on the question of the validity of the election" will be disposed of therein. (*Columbia Engineering Co.* v. *Joiner, supra,* 231 Cal.App.2d 837, 849.) ■ The alleged agreements of Wawro to sell his shares to Shahin, not being related to the latter's purported election except insofar as they might have deprived Wawro of his voting rights, were therefore not subject to specific performance as part of Shahin's request for relief under section 709.

■■ Finally, in spite of the fact Shahin's section 609 cause of action remained intact, albeit without his claims for specific performance, and was not subject to dismissal under Code of Civil Procedure section 430.10, subdivision (e), it was, in our view, properly subject to abatement based on the pending dissolution proceeding (see *Franchise Tax Board* v. *Firestone Tire & Rubber Co.* (1978) 87 Cal.App.3d 878 [151 Cal.Rptr. 460]), which, though denominated a matter involving the corporation, is, in fact, one brought and opposed by the respective parties herein, depending for the resolution of its propriety on the same issues present in the section 709 suit.

The order of dismissal appealed from is reversed and the cause remanded with directions to the trial court to enter a new order (1) overruling Wawro's general demurrer to the complaint's first cause of action, (2) sustaining his demurrer thereto pursuant to Code of Civil Procedure section 430.10, subdivision (c) and abating that cause, and (3) striking the complaint's second and third causes of action. Costs on appeal to Wawro.

Compton, J., and Gates, J., concurred.