Filed 3/26/25  Dechant v. Woodcock CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| ROBERT J. DECHANT,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>GERALD CLINTON WOODCOCK,<br><br>    Defendant and Respondent. | D085389<br><br><br>(Super. Ct. No. CVRI2304097) |


APPEAL from an order and judgment of the Superior Court of Riverside County, Chad W. Firetag, Judge.  Reversed and remanded.

Knapp, Petersen & Clarke, Mitchell B. Ludwig; Greines, Martin, Stein & Richland, Robin Meadow and Alex Chemerinsky for Plaintiff and Appellant.

Wolf Wallenstein, David R. Gabor; Seltzer Legal Group, Michele A. Seltzer and Kenyon Harbison for Defendant and Respondent.


Robert J. Dechant appeals from an interlocutory judgment entered after the trial court sustained a demurrer to his complaint against Gerald

Woodcock on the ground of abatement.  (Code Civ. Proc.,[1] 430.10, subd. (c).)
We conclude that the trial court erred by abating Dechant's action pending
the final determination of a prior action filed by Woodcock against Dechant.
Accordingly, we reverse the order and judgment.

FACTUAL AND PROCEDURAL BACKGROUND

A.  The *Woodcock* Complaint and Cross-complaint

In the prior action (the *Woodcock* action), Woodcock sued Dechant and
others in July 2022 and filed his operative first amended complaint in
October 2022.  The first amended complaint alleged that Woodcock and
Dechant entered into an agreement to set up a jointly owned limited liability
company, TVBG Ventures, LLC (TVBG), to purchase a Temecula car
dealership for $2 million.  Woodcock would manage the dealership and
Dechant would serve as managing member of TVBG.  They initially agreed
that Dechant would own a 50.1% interest and Woodcock would own a 49.9%
interest.

After submitting a franchise application to General Motors (GM),
Woodcock and Dechant learned that GM would require further capitalization
of $1.8 million plus proof of funds proportionate to each of their respective
ownership interests.  Because Dechant would have to loan Woodcock the
money for his interest, the parties agreed to reduce Woodcock's ownership
share to 15%.  Dechant then loaned Woodcock $570,000 and they executed a
promissory note in that amount.  The promissory note was attached as
Exhibit B to Woodcock's complaint.  It included a provision stating that there
were no required monthly payments on the note, but if Woodcock had funds
available from any distribution made to him by TVBG, "they shall be paid
first to satisfy this Note."

---

[1]     All further statutory references are to the Code of Civil Procedure.

2

The parties also executed a buy-sell agreement, which gave TVBG and any remaining members an option to buy out any other member who was no longer employed by TVBG because of retirement or termination. The buy-sell agreement was attached as Exhibit E to Woodcock's complaint.

After the sale, Woodcock managed the dealership as an employee and co-owner of TVBG and it became highly profitable. According to Woodcock's complaint, however, Dechant began using TVBG to benefit himself and his own family financially and to secure and maintain visas for himself and other Canadian family members. Woodcock eventually discovered Dechant's self-dealing and demanded payment of distributions he was owed.

Dechant terminated Woodcock from TVBG in May 2022. In July 2022, counsel for TVBG sent a letter to Woodcock invoking the buyout option under the buy-sell agreement. The letter was attached as Exhibit H to the complaint.

Woodcock's complaint alleged 22 causes of action, 15 of which named Dechant as a defendant. As relevant here, Woodcock's eleventh cause of action (asserted against Dechant and TVBG) sought declaratory relief as to the validity and applicability of "Exhibit H," which was TVBG's letter invoking the buyout option of the buy-sell agreement. However, the substance of this cause of action made clear that its references to Exhibit H were erroneous because Woodcock was actually seeking declaratory relief as to the validity and applicability of the buy-sell agreement itself, which was Exhibit E to the complaint.[2] Woodcock's complaint did not seek declaratory

---

[2] For example, Woodcock's eleventh cause of action alleged that Dechant and TVBG could not exercise the buyout option contained in "Paragraph 14 of Exhibit H" because Woodcock's "termination was unlawful." But the buyout option was actually contained in Paragraph 14 of Exhibit E, the buy-sell agreement, not Exhibit H.

relief as to the validity of the promissory note and his prayer for relief did not seek rescission of the promissory note.

TVBG filed a cross-complaint against Woodcock in the *Woodcock* action. Dechant was not a party to TVBG's cross-complaint.

B. The *Dechant* Complaint

In August 2023, Dechant filed a separate complaint against Woodcock in a new action filed in the same court (the *Dechant* action), which is the subject of this appeal. Dechant's complaint alleged that Woodcock had received a distribution of $386,786.00 from TVBG in June 2023, but failed to use it to repay Dechant as required by the promissory note. Dechant alleged claims against Woodcock for breach of the promissory note and money lent.

C. Demurrer to *Dechant* Complaint

Woodcock filed a demurrer to the *Dechant* complaint on three grounds: (1) the complaint failed to state a claim because Woodcock had not defaulted on the promissory note; (2) Dechant's claims were not yet ripe; and (3) Dechant's case should be abated on the ground of "another action pending between the same parties on the same cause of action" (§ 430.10, subd. (c)) because Woodcock's complaint against Dechant arose out of the same transaction as Dechant's complaint against Woodcock.

In opposition to the demurrer, Dechant argued in relevant part that abatement was not proper because the causes of action he is asserting in this action are not the same as those asserted by Woodcock in his case.

The trial court sustained the demurrer solely on the ground of abatement under section 430.10, subdivision (c). The court reasoned that both cases involved the promissory note, and it mistakenly interpreted Woodcock's eleventh cause of action seeking declaratory relief as to "Exhibit H" as a challenge to the validity of the promissory note rather than

4

the buy-sell agreement. The court concluded that "the two actions are based on the same cause of action; the issues therein are substantially similar; and judgment in the Woodcock action could be a complete bar to the current action." The court did not rule on the other grounds asserted in the demurrer. Accordingly, the court entered an interlocutory judgment abating the *Dechant* action until a final determination of the *Woodcock* action.[3]

After the demurrer ruling, but before entry of the interlocutory judgment in this case, Woodcock filed a notice of errata to his first amended complaint in the *Woodcock* action. The notice of errata clarified that the exhibit referred to as "Exhibit H" in the eleventh cause of action "should have been referenced instead to Exhibit 'E' (the contested September 3, 2019 Buy-Sell Agreement) in the same pleading."

## DISCUSSION

Dechant contends that the trial court erred by sustaining Woodcock's demurrer on the ground of abatement. We review an order sustaining a demurrer de novo. (*Shetty v. HSBC Bank USA, N.A.* (2023) 91 Cal.App.5th 796, 800.)

Section 430.10, subdivision (c) provides that a party against whom a complaint has been filed may object by answer or demurrer on the ground that "[t]here is another pending between the same parties on the same cause of action." "The theory is that the first action will normally be an ample remedy, and the second is therefore unnecessary and vexatious." (5 Witkin, Cal. Procedure (6th ed. 2024) Pleading, § 1179 (Witkin).) "[U]necessary duplication of litigation over the same claim is a serious and unwarranted burden on the defendant, against which he or she is justly entitled to claim the protection of the court." (*Ibid.*)

---

[3] The interlocutory judgment is appealable under section 597.

"A demurrer may be sustained on the ground that another action is pending only when the complaint shows on its face that the cause of action and the issues in the two actions are substantially the same and that the parties are identical; *it must also appear that the parties in both actions stand in the same relative position as plaintiff and defendant.*" (*Franchise Tax Board v. Firestone Tire & Rubber Co.* (1978) 87 Cal.App.3d 878, 883–884 (*Firestone*), italics added; see also *National Automobile Ins. Co. v. Winter* (1943) 58 Cal.App.2d 11, 16 [same]; *Hamm v. San Joaquin & Kings River Canal Co.* (1941) 44 Cal.App.2d 47, 56 ["It has been held that abatement will not lie unless the suits are founded on the same issues and the plaintiffs are the same in both actions."].) "Sometimes, however, the parties are substantially the same and the basic controversy is the same, but their positions as plaintiffs or defendants are reversed." (Witkin, *supra*, at § 1187.) In those circumstances, "the second action will not be abated. The defendant in the second action cannot say that the plaintiff is harassing him or her with two actions, for [he or she] was the party who brought the first action as the plaintiff." (*Ibid.*)

In this case, the parties do not stand in the same relative position as plaintiff and defendant in both actions. On the contrary, their roles are reversed. In the first action, Woodcock is the plaintiff and Dechant is the defendant. In the second action, Dechant is the plaintiff and Woodcock is the defendant. For this reason alone, Woodcock's claim of abatement lacks merit. (*Firestone, supra,* 87 Cal.App.3d at pp. 883–884 [criteria for abatement were "not met" because "the prior action was commenced by Firestone against the board . . . whereas the present action was commenced by the board against Firestone . . . ."].)

Woodcock asserts that Dechant forfeited this argument by failing to argue it in his opposition to the demurrer below.  We disagree for two reasons.  First, Dechant did argue below that the causes of action asserted in the two cases were not "the same" within the meaning of section 430.10, subdivision (c).  As a matter of law, causes of action are not "the same" for abatement purposes if the parties' roles as plaintiff and defendant are reversed in the two actions.  (*Firestone, supra*, 87 Cal.App.3d at pp. 883–884.)  Dechant's argument below was therefore broad enough to encompass this issue, and we do not view it as a wholly new ground for opposing the demurrer.  Second, even if this were not so, this is a pure question of law based on undisputed facts.  An appellant may assert a new ground for challenging the sustaining of a demurrer on appeal when it raises a pure question of law based on undisputed facts.  (See *Alfaro v. Community Housing Improvement System & Planning Assn., Inc.* (2009) 171 Cal.App.4th 1356, 1396–1397; *B & P Development Corp. v. City of Saratoga* (1986) 185 Cal.App.3d 949, 959.)

Woodcock also asserts that our conclusion conflicts with the Supreme Court's decision in *Lord v. Garland* (1946) 27 Cal.2d 840.  But the parties there *did* stand in the same position as plaintiff and defendant in both actions.  (*Id.* at pp. 843–844 [plaintiff Lord brought both actions against director of Motor Vehicle Department and others].)  Nothing in the court's decision suggested that the plea of abatement would be available when the parties' positions as plaintiff and defendant are reversed in the two actions.

We therefore conclude that the trial court's order sustaining the demurrer on abatement grounds and the resulting interlocutory judgment must be reversed.  We decline to decide the alternative grounds asserted by Woodcock for the demurrer in the trial court, because he has not briefed them

7

on appeal other than to refer us to his demurrer below.  On appeal, a party may not simply incorporate by reference their briefing in the trial court. (*York v. City of Los Angeles* (2019) 33 Cal.App.5th 1178, 1188, fn. 4.)  The trial court may adjudicate the alternative grounds for the demurrer on remand.

## DISPOSITION

The order sustaining the demurrer and interlocutory judgment are reversed and the matter is remanded to the trial court for further proceedings.  Dechant is entitled to recover his costs on appeal.


BUCHANAN, J.


WE CONCUR:

McCONNELL, P. J.

RUBIN, J.